THE MUTUAL FINANCE CO., APPELLEE, *v.* POLITZER ET AL., APPELLANTS.

(No. 68-711—Decided March 11, 1970.)

*Messrs. Marshman, Snyder & Seeley* and *Mr. William F. Snyder,* for appellee.

*Messrs. Zipkin, Yosowitz & Turoff* and *Mr. Sanford Yosowitz,* for appellants.

TAFT, C. J. In this case, it is conceded that the plaintiff-mortgagee failed to comply with the requirements of Section 1319.07, Revised Code, as to notice.

In *Cities Service Oil Co.* v. *Burkett* (1964), 176 Ohio St. 449, 200 N. E. 2d 314, this court held that a chattel mortgagee, who fails to comply with the notice requirements of Section 1319.07, Revised Code, is precluded from collecting from the chattel mortgagor a deficiency on the indebtedness secured by the chattel mortgage.

However, plaintiff contends that the agreement, evidenced by the written agreement of September 3, 1965, may in effect operate as a waiver by the mortgagor-debtor of its rights under Section 1319.07, Revised Code, or an estoppel against that mortgagor-debtor to assert those rights. Its argument is that the words at the end of the first sentence of Section 1319.07, "*any* stipulation in such mortgage, or *agreement,* or provision of law *to the contrary notwithstanding*" would not apply in an instance such as

this where the security has been repossessed and the parties then agree upon a procedure for its sale and disposition.

This argument is inconsistent with what this court held in *Cities Service Oil Co. v. Burkett, supra* (176 Ohio St. 449). There, the chattel mortgagee who failed to comply with the notice requirements of that statute, was precluded from collecting a deficiency from the mortgagor even where the mortgagor had voluntarily surrendered all items of the mortgaged property to the mortgagee for credit on the indebtedness in agreed amounts and that credit had been given in determining the deficiency.

Furthermore, Section 1309.44(C), Revised Code, which is a part of the Uniform Commercial Code that was enacted after Section 1319.07, Revised Code, provides so far as material:

"To the extent that they give rights to the debtor and impose duties on the secured party, Section 1319.07 * * * may not be waived or varied [with exceptions not material] * * * but the parties may by agreement determine the standards by which the fulfillment of these rights and duties is to be measured if such standards are not manifestly unreasonable."

Section 1319.07, Revised Code, gives a right to a chattel mortgagor to prevent a deficiency judgment against him where property covered by the mortgage is taken out of the possession of the mortgagor, except where the mortgagee performs the duties with regard to notice imposed upon him by the second sentence of the statute.

The words of Section 1309.44(C), Revised Code, authorizing "the parties * * * by agreement" to "determine the standards by which the fulfillment of these rights and duties is to be measured" would certainly not authorize an agreement to eliminate or reduce those rights and duties. Thus, in our opinion, this statute clearly indicates a legislative intention to prevent a chattel mortgagee from relying upon any agreement with or waiver by his mortgagor as a basis for recovery of a deficiency judgment against that mortgagor without compliance with the requirements of Section 1319.07, Revised Code.

Defendants next contend that Section 1319.07, Revised Code, should be interpreted to prevent the creditor-mortgagee from recovering for a deficiency upon the mortgage or indebtedness secured thereby from the guarantors of that indebtedness where it prevents such recovery against the mortgagor-debtor.

Section 1319.07, Revised Code, provides protection only against recovery "from such mortgagor, his executors, administrators, successors or assigns." No provision is made for a guarantor or any other surety of the mortgagor.

However, if a guarantor of the indebtedness secured by a chattel mortgage is not given a defense against recovery of a deficiency where the mortgagee has not complied with the notice requirements of Section 1319.07, Revised Code, then, after paying the judgment for that deficiency, the guarantor will be allowed to recover a judgment from the mortgagor for the amount paid. This is because the law implies an obligation of a principal debtor to reimburse his guarantor for any amount that the guarantor is required to pay on the guaranteed indebtedness. *State* v. *Blake* (1853), 2 Ohio St. 147, 150; *Hecker* v. *Mahler* (1901), 64 Ohio St. 398, 412, 60 N. E. 555, 38 Corpus Juris Secundum 1298, Section 111; 26 Ohio Jurisprudence 2d 350, Section 39; 38 American Jurisprudence 2d 1136, Section 127. See *Gholson* v. *Savin* (1941), 137 Ohio St. 551, 556, 31 N. E. 2d 858; *Poe* v. *Dixon* (1899), 60 Ohio St. 124, 131, 54 N. E. 86; 50 American Jurisprudence 1049, Section 221.

Thus, if the guarantor is not given a defense against the chattel mortgagee's claim for a deficiency where the chattel mortgagee has not complied with the notice requirements of Section 1319.07, Revised Code, the chattel mortgagor will not receive the protection against his mortgagee that Section 1319.07, Revised Code, was designed to give him.

As stated in the opinion by Ranney, J., in a comparable situation in *State* v. *Blake, supra* (2 Ohio St. 147), at 151:

"Whatever * * * amounts to a good defense to the

original liability of the principal, is a good defense for the sureties when sued * * *.

"Otherwise, the principal would be indirectly deprived of the benefit of a valid defense against the creditor, by being compelled, in effect, to respond through his sureties; or the sureties would be deprived of their right to reimbursement from the principal, and thus one or the other be compelled to lose the rights which the law had secured to them."

We conclude therefore that a chattel mortgagee is precluded from proceeding against a guarantor of the mortgage indebtedness for a deficiency where Section 1319.07, Revised Code, precludes such chattel mortgagee from proceeding against his chattel mortgagor for such deficiency. Any protection thus given to the guarantor is merely a necessary incident of the protection that the statute is designed to give to the guarantor's principal, the mortgagor.

Plaintiff further contends that the defendants-guarantors have waived any right to rely upon a defense based upon a failure to give the notice required by Section 1319.07, Revised Code; or that they are estopped to assert such a defense.

There are three guarantor-defendants in the instant case. As to defendant Shirley Politzer, there is nothing in the pleadings to suggest that any of the allegations of the reply with respect to waiver or estoppel relate to her in any way. Only the defendants Edward and Karen Politzer are named therein. Admittedly, Shirley did not sign the agreement of September 3, 1965 that was signed by Edward and by Karen and which is relied upon as the basis for the waiver or estoppel. Furthermore, the guarantee of Shirley was evidenced by an instrument separate from the instrument of guarantee signed by Edward and Karen.

Hence, for the foregoing reasons, the judgment against Shirley Politzer must be reversed and final judgment rendered for her.

As to defendants Edward and Karen Politzer, the undisputed evidence discloses that the property covered by the chattel mortgage was sold pursuant to their written

agreement that they waived the requirements of Section 1319.07, Revised Code, and recognized that plaintiff "shall hold us responsible for any deficiency" on the indebtedness of the chattel mortgagor to the plaintiff.

There are no statutory provisions that will support a conclusion that one who guarantees payment of an indebtedness secured by a chattel mortgage cannot waive his right to rely or estop himself from relying upon a defense against the chattel mortgagee based upon his failure to comply with the notice requirements of Section 1319.07, Revised Code. In our opinion, he can.

As hereinbefore pointed out, that statute was not designed for the protection of a guarantor of the mortgage indebtedness. Likewise, Section 1309.44(C), Revised Code, provides only against waiver or varying rights given by Section 1319.07, "to the debtor"—not to a guarantor of the mortgage indebtedness.

It may be suggested that recognizing such a waiver by or estoppel against a guarantor will prevent the chattel mortgagor from receiving the protection which Section 1319.07, Revised Code, was designed to give him.

However, a guarantor cannot compel the principal debtor to reimburse him for a payment on the guaranteed indebtedness to the extent that such guarantor and the principal debtor had a valid defense against the claim for such payment. 38 Corpus Juris Secundum 1299, Section 111, 50 Ohio Jurisprudence 2d 658, Section 147. See 50 American Jurisprudence 1061, Section 236.

As stated by Dickman, J., in the opinion in *McHenry* v. *Carson* (1884), 41 Ohio St. 212 at 222:

"* * * When a surety pays the creditor's claim, he must be legally bound for it, to enable him to recover the amount paid, of the principal. * * * The surety cannot, by a voluntary payment, when not legally bound, place himself in a better position towards the principal, than that of one not a surety, who voluntarily pays money in the discharge of the debt of another person * * *."

Likewise, where the principal debtor has and a guarantor has or would have had a valid defense against a claim for payment by him on the guaranteed indebtedness

but the voluntary conduct of such guarantor amounts to a waiver of or an estoppel against the guarantor asserting that defense, such guarantor cannot compel his principal to reimburse him for such payment.

Here, the defendants-guarantors Edward and Karen Politzer induced and participated in the actions of the plaintiff-creditor-mortgagee which they now contend have resulted in not only the mortgagor but also themselves having a defense because of Section 1319.07, Revised Code.

This participation by those defendants-guarantors estops them from taking the unconscionable position that the conduct of plaintiff-creditor-mortgagee, which they induced, now provides them with a defense; and this participation also estops them from enforcing any right to reimbursement from the mortgagor that would interfere with the defense that they knew they were providing for the mortgagor. *Beardsley* v. *Foot* (1863), 14 Ohio St. 414; *Rindskopf Bros. & Co.* v. *Doman* (1876), 28 Ohio St. 516; *Rosenthal* v. *Mayhugh* (1877), 33 Ohio St. 155. See *Treasurer* v. *Martin* (1893), 50 Ohio St. 197, 33 N. E. 1112; *Hampshire County Trust Co.* v. *Stevenson* (1926), 114 Ohio St. 1, 14, 22, 150 N. E. 726.

It is obvious that the reason, for ordinarily precluding a chattel mortgagee from proceeding against a guarantor of the indebtedness secured by the mortgagor to the extent that Section 1319.07, Revised Code, precludes the mortgagee from proceeding against the mortgagor, does not exist so far as the defendants Edward and Karen are concerned.

For the foregoing reasons, the judgments against the defendants Edward and Karen Politzer are affirmed and the judgment against the defendant Shirley Politzer is reversed and final judgment is rendered for Shirley Politzer.

*Judgment accordingly.*

O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., would affirm the judgment of the Court of Appeals for the reasons stated in the opinion of that court in 16 Ohio App. 2d 83.

MATTHIAS, J., not participating.