RICHARDS ELECTRIC SUPPLY CO., INC., *v.* FIRST NATIONAL BANK OF HARRISON, CROSS-APPELLANT; SPORTS FARM, INC., CROSS-APPELLEE.

(No. C-800418—Decided July 22, 1981.)

*Mr. John E. Schlosser,* for cross-appellant.

*Mr. Kevin D. Plank,* for cross-appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The appeal derives from the order dismissing the cross-claim of the First National Bank of Harrison ("Bank") for indemnity against Sports Farm, Inc., in an action begun by Richards Electric Supply Company, Inc. ("Richards") to recover for electrical equipment sold and delivered to Sports Farm, Inc.

In the early months of 1977, Sports

Farm and Richards conducted negotiations which resulted in the quotation of the sum of $48,165.68 for the sale of electrical supplies with which to illuminate athletic fields to be operated by Sports Farm. After Sports Farm issued a purchase order for the equipment, Richards informed the buyer that its order could not be accepted without an "irrevocable letter of credit" from its bank, First National Bank of Harrison.

Accordingly, the Bank sent a letter to Richards, captioned "Irrevocable Letter of Credit for Sports Farm, Inc.," setting forth the quoted sales price of $48,165.68. Richards then established upon its books an account receivable for Sports Farm and, periodically, shipped the supplies ordered. Sports Farm paid invoices for the items by checks drawn upon several accounts in the name of Sports Farm at the Bank. Such payments totalled $40,891.15, leaving a balance due of $7,274.53.

Additionally, Richards supplied Sports Farm with other electrical supplies on an open account, the unpaid balance thereupon being $5,862.92 at the time of suit.

When Sports Farm failed to pay all of the invoices for the items covered in its original purchase order, Richards demanded payment from the Bank of $7,274.53 pursuant to the letter of credit. Refusal to pay by the Bank prompted Richards to file suit against the Bank and Sports Farm for the sums of $7,274.53 and $5,862.92, respectively. The Bank filed its cross-claim against Sports Farm, asserting that, if the Bank were liable to Richards on the letter of credit, Sports Farm should be required to indemnify the Bank because such liability resulted from purchases by Sports Farm from Richards. Sports Farm made no response to the cross-claim.

The suit was tried without the intervention of a jury. The findings of fact and conclusions of law ultimately stated were that Sports Farm had received equipment from Richards on the purchase order on which there was a balance due of $7,274.53; that Sports Farm owed Richards $5,862.92 on the open account; and that the Bank had issued a letter of credit on which there was a balance due Richards from the Bank amounting to $7,274.53. The trial court accordingly rendered judgment in favor of Richards against the Bank in the latter sum and against Sports Farm in the amount due on the open account. However, the cross-claim of the Bank for indemnification was dismissed on the basis of the court's conclusion that "no evidence was offered by First National to establish any liability on [sic] Sports Farm to indemnify First National for their liability to Richards in [sic] the letter of credit."

The two assignments of error advanced are:

"1. The trial court erred to the prejudice of Cross-Plaintiff/Appellant First National Bank of Harrison by dismissing the cross-claim of the bank against Cross-Defendant Sports Farm, Inc.

"2. The trial court erred to the prejudice of Cross-Plaintiff/Appellant in failing to enter judgment in favor of the Cross-Plaintiff against Cross-Defendant Sports Farm, Inc., in the amount of $7,274.53."

Counsel for the parties have, in their briefs and in oral argument, attempted to analyze the terms "letter of credit" and "guaranty" as they have been employed in the law of Ohio. The Bank contends that the case *sub judice*, considered upon the pleadings, presented a conflict whether the letter of the Bank to Richards constituted a letter of credit or a guaranty. Despite the caption of that letter, the Bank continues to assert that the court erred in finding it to be a letter of credit rather than a guaranty.

We deem it unnecessary, on the basis of the record before us, to resolve whatever conflict may arguably exist. The case before us presents an instance where the variance in legal significance of the

terms is a distinction without a difference. The Bank is, in law, entitled to recover from Sports Farm upon either theory.

It is beyond cavil that Sports Farm received the equipment specified in the purchase order, and that $7,274.53 was the unpaid balance of that account.[1] Regardless of the legal identity of the Bank's obligation expressed in its letter to Richards, it cannot be denied that the Bank has paid for goods ordered by and delivered to Sports Farm.

R.C. 1305.01(A)(1) defines letter of credit as:

" 'Credit' or 'letter of credit' means an engagement by a bank or other person made at the request of a customer and of a kind within the scope of section 1305.02 of the Revised Code, that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A credit may be either revocable or irrevocable. The engagement may be either an agreement to honor or a statement that the bank or other person is authorized to honor."

The generally accepted definition of guaranty is set forth in *Sturges & Co.* v. *Bank of Circleville* (1860), 11 Ohio St. 153, 168:[2]

"A *guaranty,* in its strict legal and commercial sense, is said to be 'an undertaking by one person to be answerable for the payment of some debt, or the due performance of some contract or duty by another person, who himself remains liable to pay or perform the same.' "

Where a letter of credit has been issued by a bank and accepted by a beneficiary (here, Richards), the obligation of the customer of the bank (here, Sports Farm) to the beneficiary is suspended. That is, Richards by accepting the Bank's letter of credit agreed to rely on the Bank's credit in lieu of Sports Farm's credit. See, generally, 23 Ohio Jurisprudence 3d 262, Credit Cards, Section 28; R.C. 1302.38(B).[3]

Although the acts of the parties with respect to the obligation undertaken by the Bank tended to blur the distinction between a guaranty and a letter of credit, such clouding does not affect the legal result in this case.

If the undertaking of the Bank is held to be a guaranty, the Bank is entitled to recover from Sports Farm because the law implies an obligation on the part of a principal debtor (Sports Farm) to reimburse his guarantor for any amount that the guarantor is required to pay on the guaranteed indebtedness. *Mutual Finance Co.* v. *Politzer* (1970), 21 Ohio St. 2d 177 [50 O.O.2d 397].

If the Bank is held to have issued a letter of credit, Sports Farm must reimburse the Bank according to the Ohio statutory scheme regulating such instruments.

R.C. 1305.13(C) provides in pertinent part:

"Unless otherwise agreed, an issuer which has duly honored a draft or demand for payment is entitled to immediate reimbursement of any payment made under the credit * * *."

We conclude that where, as here, a supplier (Richards) has been paid in full for goods delivered to a purchaser (Sports Farm) with funds advanced by a third party (the Bank) at the request of the purchaser, the purchaser is obligated in law to reimburse the payor.

The court erred in dismissing the

---

[1] We are given that the Bank has paid the judgment entered against it in favor of Richards.

[2] See, also, 26 Ohio Jurisprudence 2d 297, Guaranty, Section 2 (1957); Ballentine, Law Dictionary with Pronunciations 565 (1948 Ed.).

[3] The section provides: "The delivery to seller of a proper letter of credit suspends the buyer's obligation to pay. If the letter of credit is dishonored, the seller may on seasonable notification to the buyer require payment directly from him."

cross-claim of the Bank because there was sufficient evidence to establish the liability of Sports Farm. Resultantly, the assignments of error are well taken, and the judgment of the court of common pleas is reversed.

Pursuant to App. R. 12(B), the judgment which the trial court should have rendered with respect to the cross-claim of the Bank is hereby rendered, and it is the order of this court that judgment be entered in favor of the First National Bank of Harrison, defendant and cross-plaintiff/appellant herein, against Sports Farm, Inc., defendant and cross-defendant/appellee herein, in the sum of $7,274.53, plus interest and costs.

*Judgment reversed.*

SHANNON, P.J., PALMER and KLUS-MEIER, JJ., concur.