MIAMI VALLEY PRODUCTION CREDIT
ASSOCIATION, APPELLANT, *v.*
HASTINGS ET AL., APPELLEES.

(No. 84 CA 89—Decided
August 8, 1985.)

*Sharon Ovington* and *Ray A. Cox,* for appellant.
*Christopher M. Hawk,* for appellees.

WOLFF, J. Miami Valley Production Credit Association ("MVPCA") appeals from summary judgment granted in favor of Hayden A. Hastings and Gwendolyn Hastings ("appellees") which denied MVPCA a deficiency judgment against them.

P. Wayne Hastings, Norma J. Hastings and the appellees were co-makers on two notes to MVPCA, given in return for loans by MVPCA to P. Wayne and Norma J. Hastings.

P. Wayne and Norma J. Hastings also gave MVPCA a security interest in certain real and personal property to secure the indebtedness.

P. Wayne and Norma J. Hastings filed for protection under Chapter 13 of the Bankruptcy Act and, in accordance with their Chapter 13 plan, turned over to MVPCA the real estate and personal property in which MVPCA had a security interest. According to the plan, which was ultimately confirmed, surrender of the collateral completely discharged the indebtedness of P. Wayne and Norma J. Hastings. The appellees acquiesced in the plan's surrender of the collateral to MVPCA.

Following surrender of the collateral, MVPCA disposed of the personal property without sending any notice to the appellees.

MVPCA filed a complaint against the appellees to recover the deficiency remaining after the disposition of the personal property. Appellees moved for summary judgment, supported by their affidavits that they had received no notice prior to the disposition of the collateral. The trial court sustained the motion, and granted judgment denying MVPCA a deficiency.

MVPCA asserts a two-pronged assignment of error:

"I. The trial court erred in granting appellee's [*sic*] motion for summary judgment as there is a genuine issue of material fact which remains to be litigated, and appellee was [*sic*] not entitled to a judgment as a matter of law.

"A. The trial court erred as a matter of law in applying R.C. 1309.47 to this case.

"B. The trial court erred in granting appellees' motion for summary judgment since there is a genuine issue of material fact with respect to notice of sale and proper disposition of collateral."

## A

R.C. 1309.47(C) provides in part:

"* * *Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale. * * *"

MVPCA claims that R.C. 1309.47(C) simply does not apply here and the trial court erred in ruling that it does.

MVPCA argues first that R.C. 1309.47(C) only applies to situations where property has been repossessed, and not to the situation here where property has been voluntarily surrendered pursuant to a bankruptcy plan.

While R.C. 1309.47(C) certainly applies to repossessed collateral, there is nothing in this section to suggest that it is limited to repossessed collateral. As a practical matter, the purpose of notice to the debtor is the same regardless of whether he has voluntarily surrendered the collateral or the creditor has been required to repossess it.

Of greater concern is MVPCA's argument that the appellees are not "debtors" within the meaning of R.C. 1309.47(C).

A definition of "debtor" is set out in R.C. 1309.01(A)(4):

" 'Debtor' means the person who owes payment or other performance of the obligations secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of sections 1309.01 to 1309.50 of the Revised Code dealing with the collateral, the obligor in any provision dealing with the obligation and may include both where the context so requires."

The first sentence of the definition clearly embraces the appellees. The second sentence is troublesome, but we conclude that it does not oust the appellees from the definition of "debtor." R.C. 1309.47(B) states that "[i]f the security interest secures an indebtedness, * * * the debtor is liable for any deficiency." Thus, R.C. 1309.47 is a "provision of sections 1309.01 to 1309.50 * * * dealing with the obligation." In *Liberty Natl. Bank* v. *Greiner* (1978), 62 Ohio App. 2d 125, 16 O.O. 3d 291, 405 N.E. 2d 317, the Court of Appeals for Sandusky County stated that a co-signer was entitled to a separate notice under R.C. 1309.47(C).[1] *Id.* at 127, 16 O.O. 3d at 293, 405 N.E. 2d at 320.

The court went on to say at 131, 16 O.O. 3d at 295, 405 N.E. 2d at 323: "The notice provisions of R.C. 1309.47(C) were intended to afford the debtor an opportunity to bid on the collateral and to solicit any available bidders in order to insure a full and fair price and minimize the possibility of a deficiency."

While the appellees could not have "redeemed" the collateral, never having owned it, they nevertheless had a very real interest in notice of MVPCA's intended disposition of the

---

[1] From reading the report, we cannot ascertain with certainty whether the co-signer, Shirley Greiner, had an ownership interest in the repossessed collateral. She is described only as a signor of the promissory note, leading us to conclude she had no ownership interest.

collateral because MVPCA was looking to them to satisfy any deficiency. They may have wished to bid on the property themselves or to solicit other bidders to increase the ultimate sales price and decrease their own deficiency obligation.

Accordingly, we conclude the trial court correctly found the appellees were "debtors" within the meaning of R.C. 1309.47(C).[2]

## B

MVPCA argues that although it concedes no written notice was sent to the appellees there was nevertheless a material issue of fact as to whether they had actual notice of the disposition of the collateral.

The gist of the argument is that because the appellees were aware of the bankruptcy plan and acquiesced in it — specifically the surrender of the collateral to MVPCA — there is a question of fact as to whether they had actual knowledge of the disposition.

The language of R.C. 1309.47(C) requires the notice to contain certain specifics: time and place of public sale or time after which any private sale or other disposition is to be made.

There was nothing before the trial court to rebut the affidavits of the appellees that they were never notified prior to the disposition of the collateral, or to suggest that they knew or had reason to know the specific information about disposition required by R.C. 1309.47(C).

The most that can be inferred from the record is that the appellees no doubt realized that MVPCA would at some time dispose of the collateral. But this knowledge, without more, falls short of the notice required by R.C. 1309.47(C), *i.e.,* notice sufficient to enable the debtor to affirmatively protect his interests.

*Umbaugh Pole Bldg. Co.* v. *Scott* (1979), 58 Ohio St. 2d 282, 12 O.O. 3d 279, 390 N.E. 2d 320, cited by MVPCA for the proposition that written notice is not always required, is clearly distinguishable on the facts from this case. In *Umbaugh,* it was undisputed that the debtor had at least two weeks' advance notice of the sale; the sale date was agreed to by the debtor and auctioneer; the sale was on the debtor's premises and the debtor arranged the collateral subject to the sale; the debtor was present during the sale. The court stated: "Under the circumstances, written notice would be surplusage and would call for an adherence to a ritual." *Id.* at 291, 12 O.O. 3d at 284, 390 N.E. 2d at 325.

The circumstances here are clearly distinguishable from those in *Umbaugh.*

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.

---

[2] An excellent discussion concluding that guarantors are entitled to notice, which relies in part on *Mutual Finance Co.* v. *Politzer* (1970), 21 Ohio St. 2d 177, 50 O.O. 2d 397, 256 N.E. 2d 606 (cited here by MVPCA), is found in *Chase Manhattan Bank* v. *Natarelli* (S. Ct. 1977), 93 Misc. 2d 78, 401 N.Y. Supp. 2d 404.