FOUR SEASONS ENVIRONMENTAL, INC.,

v.

WESTFIELD COMPANIES, Appellee;

WELDCRAFT, INC. et al., Appellants.

[Cite as *Four Seasons Environmental, Inc. v. Westfield Cos.* (1994), 93 Ohio App.3d 157.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920899.

Decided Feb. 2, 1994.

**158**

*McNamara & McNamara, William H. Woods* and *Lisa Weekley Coulter*, for appellee.

*Brown, Lippert, Heile & Evans* and *Marquette D. Evans*, for appellants.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, and the briefs and arguments of counsel.

## FACTS/PROCEEDINGS

The Thomas J. Dyer Company ("Dyer") contracted to do construction work on the Convention Center Project in Cincinnati, Ohio. To complete a portion of its duties, Dyer engaged Weldcraft, Inc. as a subcontractor to do sheetmetal ductwork on the project. Weldcraft, in turn, entered into a contract with Ohio Farmers Insurance Company of the Westfield Companies ("Westfield") for it to act as a surety on the contract with Dyer. Under that contract, Westfield held a bond for $219,000, from which the performance of the Weldcraft/Dyer contract was guaranteed. Seeking to protect itself as surety, Westfield contracted with Weldcraft, Clem Turner, Fred B. DeBra Company, Fred E. DeBra, Donna DeBra, Daniel H. Tarkington, Sandra Tarkington, David A. DeBra, and Diane L. DeBra ("third-party defendants") to indemnify Westfield for any loss it incurred in its agreement with Weldcraft.

Before its obligations on the convention center were complete, Weldcraft defaulted on its contract with Dyer. To complete Weldcraft's work, Westfield entered into an additional $24,000 contract with a second subcontractor, Four Seasons Environmental ("Four Seasons"). When it completed the project, Four Seasons sued Westfield for the amount due on the contract. Westfield then impleaded third-party defendants for indemnity. Subsequently, in response to Westfield's motion, the trial court entered a summary judgment against the third-

party defendants for the amount due on the Four Seasons contract. From that judgment, Fred B. DeBra Company, Fred E. DeBra, Donna DeBra, Daniel H. Tarkington, Sandra Tarkington, David A. DeBra, and Diane L. DeBra ("DeBra/indemnitors") bring this appeal.

## ASSIGNMENT OF ERROR: FAILURE TO MITIGATE

In their single assignment of error, DeBra/indemnitors argue that the trial court incorrectly entered summary judgment because a question of material fact remained, *i.e.,* had Westfield mitigated its damages? Specifically, DeBra/indemnitors claim that Dyer was holding approximately $5,000 for work that Weldcraft had completed, but for which it had not been paid. They argue that if Westfield, as a surety, had mitigated its damages by collecting the $5,000, their liability as indemnitors would have been reduced.

The trial court may enter summary judgment when no genuine issue of material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Indemnity arises from contract, either express or implied, and is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement. *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus. An indemnity agreement, such as the one between Westfield and DeBra/indemnitors, is interpreted like any contract to conform to the intent of the parties. *Worth v. Aetna Cas. & Sur. Co.* (1987), 32 Ohio St.3d 238, 240–241, 513 N.E.2d 253, 256. When the terms of a contract are clear and unambiguous, no genuine issue of material fact remains, and the trial court may enter judgment as a matter of law. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65, 609 N.E.2d 144, 145, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146.

The indemnity contract here provides that the DeBra/indemnitors "unconditionally agree to indemnify and reimburse Sureties [Westfield] against any and all loss * * * in connection with the performance of [Weldcraft/Dyer] contract." DeBra/indemnitors argue, however, that, even though they were obligated to indemnify the sureties, Westfield was required to mitigate its damages by pursuing the $5,000 held by Dyer.

In Ohio, under the mitigation doctrine of avoidable consequences, a party who makes a claim on a contract cannot receive damages that it could have prevented by "reasonable affirmative action." *F. Enterprises v. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 1 O.O.3d 90, 351 N.E.2d 121, paragraph three of the syllabus. The doctrine of avoidable consequences is a rule "arising from the cardinal principle that the damage award should put the injured party in

as good a position had the contract not been breached at the least cost to the defaulting party." *Id.* at 159–160, 1 O.O.3d at 93, 351 N.E.2d at 125. One possible affirmative action available to a surety is to assert the defenses that the principal has against its creditor. See, generally, *Holben v. Interstate Motor Freight Sys.* (1987), 31 Ohio St.3d 152, 156–157, 31 OBR 318, 321–322, 509 N.E.2d 938, 941; *Mut. Fin. Co. v. Politzer* (1970), 21 Ohio St.2d 177, 183–184, 50 O.O.2d 397, 401–402, 256 N.E.2d 606, 611; *Am. Ins. Co. v. Ohio Bur. of Workers' Comp.* (1991), 62 Ohio App.3d 921, 925, 577 N.E.2d 756, 759. Therefore, in a suit between creditor, Dyer, and surety, Westfield may have had the right to assert Dyer's nonpayment of the $5,000 to Weldcraft, the principal, as a partial defense or setoff to a claim that Dyer had on the surety bond.

 Concerning indemnitee mitigation generally, some courts in other states have held that indemnitees have a duty to take reasonable actions to avoid passing on unnecessary losses to indemnitors. See, *e.g., Internatl. Minerals & Chem. Corp. v. Avon Products, Inc.* (1991), 817 S.W.2d 903, 910; *Fed. Ins. Co. v. Walker* (1981), 53 N.Y.2d 24, 34, 439 N.Y.S.2d 888, 892, 422 N.E.2d 548, 552; *Town Pump, Inc. v. Diteman* (1981), 191 Mont. 98, 104–105, 622 P.2d 212, 216. By contrast, other courts have found no duty for indemnitees to mitigate damages of their indemnitors. See, *e.g., Moya v. Fid. & Cas. Co. of New York* (1965), 75 N.M. 462, 466, 406 P.2d 173, 176. Nonetheless, under the general rule in Ohio that requires injured parties to a contract to mitigate their damages, we cannot say that indemnitees, as a matter of law, do not have a duty to mitigate. Therefore, the issue becomes whether that duty to mitigate requires Westfield, in this case, to pursue the $5,000 from Dyer. For the reasons that follow, we answer in the negative.

First, when the terms of a contract are clear, the court will not enlarge on the parties' duties under the agreement. *Gomolka v. State Auto. Ins. Co.* (1982), 70 Ohio St.2d 166, 168, 24 O.O.3d 274, 275–276, 436 N.E.2d 1347, 1348. In this case, the contract states that (1) DeBra/indemnitors were required "unconditionally" to indemnify Westfield; (2) Westfield had the right, but not the duty, to "adjust, settle or compromise" any claim brought on the bond; and (3) the indemnity contract was to be "liberally construed" to protect and indemnify Westfield fully. Westfield's obligations were limited to executing a bond to secure the performance of Weldcraft on the Dyer contract. There is nothing in the contract that indicates that Westfield had the duty to pursue Weldcraft's setoff claims against Dyer.

Second, Westfield's alleged failure to mitigate—not pursuing the $5,000—is not the type of indemnitee/surety action that other courts have found to be unreasonable. For example, a corporation issued duplicate stock to a shareholder who claimed that she had lost her original certificates. *Fed. Ins. Co.*, 53 N.Y.2d at 29, 439 N.Y.S.2d at 889, 422 N.E.2d at 549. The shareholder indemnified the

corporation for any loss that it incurred as a result of issuing the new shares. *Id.* at 30, 439 N.Y.S.2d at 890–891, 422 N.E.2d at 550. Additionally, the shareholder's performance on the corporation's indemnity contract was guaranteed by a bond held by the Federal Insurance Company. *Id.* Federal Insurance also was indemnified by the shareholder. *Id.* Subsequently, when the shareholder/indemnitor discovered that she previously had sold the shares, the corporation/indemnitee purchased enough stock on the open market to prevent overissuance of its outstanding securities. *Id.* Before making its purchases, however, the corporation waited nearly a year, during which time the price of the stock rose dramatically. The court held that the shareholder/indemnitor should not "be required to reimburse the surety for any portion of its payment which represented the loss arising from the [corporation/indemnitee's] lack of due diligence." *Id.* at 34, 439 N.Y.S.2d at 892–893, 422 N.E.2d at 552.

Similarly, Avon Products sold the stock of its subsidiary, Mallinckrodt, to International Minerals and Chemical Corporation. *International Minerals, supra,* 817 S.W.2d at 904. As part of the sale, Avon agreed to indemnify International and Mallinckrodt against losses related to a lawsuit that was pending against Mallinckrodt. *Id.* Subsequently, Mallinckrodt settled the suit for a "disastrous" sum and sought indemnity from Avon. *Id.* When Avon/indemnitor claimed that Mallinckrodt/indemnitee had not settled the case on favorable terms, the court reasoned that the settlement suggested "a violation of the duty to mitigate damages," which was an issue to be determined at trial. *Id.* at 910.

In both *Federal Insurance* and *International Minerals,* summary judgment was not allowed because the record contained evidence of unfair overreaching by the indemnitee. On the facts and circumstances of this case, there is no such overreaching. DeBra/indemnitors presented no evidence that Westfield paid Four Seasons an excessive sum for its work to finish the project. As a result, DeBra/indemnitors' mitigation argument is without merit. The assignment of error is overruled.

### CONCLUSION

The unambiguous terms of the Westfield indemnity contract state that the DeBra/indemnitors must reimburse Westfield for its losses. Furthermore, there is nothing in the indemnity contract that requires Westfield to pursue Weldcraft's claims against Dyer. Finally, there is no evidence that Westfield failed to mitigate by causing excessive damages to DeBra/indemnitors. Therefore, the trial court did not err by granting summary judgment for Westfield.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and BETTMAN, JJ., concur.