OPINION
Defendant-appellant The Huntington National Bank appeals the March 13, 1998 Judgment Entry of the Delaware County Court of Common Pleas which denied its motion for summary judgment and granted the motion for summary judgment filed by plaintiff-appellee Chicago Title Insurance Company.
 STATEMENT OF THE FACTS
On March 17, 1995, appellant issued a "bridge loan" to Diane Hibbit in the amount of $194,000. The loan was secured by two parcels of real estate. One parcel was located at 138 Aspen Court in Delaware, Ohio (hereinafter "Aspen Court property") and the other one at 15 Sulu Drive in Delaware, Ohio (hereinafter "Sulu Drive property"). The loan to Diane Hibbit was to finance construction of a $162,911 residence on Aspen Court and payment of consumer debts incurred by Diane Hibbit and her then — husband, Kenneth Hibbit. A condition of the loan was appellant would be the holder of the first and best mortgage on both properties.
On March 21, 1995, appellee issued a title insurance mortgagee's policy to appellant covering both the Aspen Court and Sulu Drive properties. The face amount of the policy was $194,000.
Kenneth and Diane Hibbit divorced. Kenneth Hibbit had a preexisting mortgage on the Sulu Drive property which was not disclosed nor excepted in the title insurance mortgagee's policy issued by appellant to appellant. Because Diane Hibbit failed to pay another $40,800 note, Kenneth Hibbit initiated a foreclosure action against his Sulu Drive property. Appellee defended appellant in that action. Therein, the trial court determined appellant's mortgage was subrogated to Kenneth Hibbit's mortgage in the amount of $34,156.43. Kenneth Hibbit received $40,841.17 from the proceeds of the sale of the Sulu Drive property. Appellant received $53,155.43 from the sale of the Sulu Drive property. Appellant demanded $40,841.17 from appellee. Appellee denied appellant's claim because appellant still held a valid first mortgage on the Aspen Court property.
Diane Hibbit defaulted on the loan to appellant. Appellant then initiated a foreclosure action against the Aspen Court property on February 28, 1997. That property was sold at a Sheriff's sale to a third party on August 6, 1997, for $115,000, which amount represented 2/3 of the appraisal value of $172,500. Representatives of both parties were present at the foreclosure sale, but neither party bid on the property.
The balance owed by Diane Hibbit to appellant following the sale of the Sulu Drive property was $164,813.03. Appellant was paid $112,883.46 from the proceeds of the Aspen Court property sale. As of January 7, 1997, appellant claimed Diane Hibbit still owed $64,156.01 on the note. Appellant claimed appellee owed it $40,841.17, plus interest from October 2, 1996, which amount represents Kenneth Hibbit's prior mortgage on the Sulu Drive property. Appellee denied any liability to appellant under the policy.
 STATEMENT OF THE CASE
Appellee filed a declaratory judgment action against appellant seeking a declaration that appellee has no liability under the title insurance mortgagee's policy it issued to appellant. Appellant filed two counterclaims against appellee seeking declaratory judgment that appellee was liable under the title insurance mortgagee's policy and separately in tort for appellee's alleged negligence in failing to discover and disclose the existence of a prior mortgage on the Sulu Drive property, which was pledged as collateral for appellant's loan to Diane Hibbit. Appellant also claimed damages against appellee for fraud or misrepresentation.
Both parties filed motions for summary judgment. By Judgment Entry filed March 13, 1998, the trial court granted appellee's motion and denied appellant's motion. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ERRED IN GRANTING CHICAGO TITLE'S MOTION FOR SUMMARY JUDGMENT AS CHICAGO TITLE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND GENUINE ISSUES OF MATERIAL FACT EXISTED WHICH PRECLUDED SUMMARY JUDGMENT IN CHICAGO TITLE'S FAVOR.
 A. THE TRIAL COURT ERRED IN RULING THAT HUNTINGTON'S RIGHT TO RECOVER UNDER THE POLICY WAS LIMITED BY THE FAIR MARKET VALUE OF THE ASPEN COURT PROPERTY.
 B. A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO THE "FAIR MARKET VALUE" OF THE COLLATERAL.
 C. THE TRIAL COURT INCORRECTLY APPLIED THE "CREATED, SUFFERED OR ASSUMED" EXCLUSIONARY CLAUSE TO PRECLUDE HUNTINGTON'S RECOVERY UNDER THE POLICY.
 D. THE TRIAL COURT ERRED IN FINDING THAT HUNTINGTON HAD A DUTY TO MITIGATE DAMAGES CAUSED BY CHICAGO TITLE BY BIDDING ON THE ASPEN COURT PROPERTY AT FORECLOSURE.
 II. THE TRIAL COURT ERRED IN DENYING HUNTINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AND HUNTINGTON WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 III. THE TRIAL COURT ERRED IN RULING THAT CHICAGO TITLE WAS NOT LIABLE IN TORT TO HUNTINGTON FOR ITS NEGLIGENT FAILURE TO DISCOVER AND DISCLOSE THE EXISTENCE OF KENNETH W. HIBBIT'S MORTGAGE ON THE SULU ROAD PROPERTY.
We begin by noting our standard of review.
Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
Appellee's title insurance mortgagee's policy insured appellant up to $194,000 as a result of:
 (a) Any defect or lien or encumbrance on the titles to the Sulu Drive and Aspen Court properties; and
 (b) the priority of any lien or encumbrance over appellant's mortgage on the Sulu Drive and Aspen Court properties.
Subsection 7, "Determination And Extent Of Liability", contained within the "Conditions And Stipulations" section of the policy, provides:
 This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extend herein described.
Additional limitations to appellee's liability appear in the "Exclusions From Coverage" section of the policy. The two exclusions relevant to this litigation provide:
 The following matters are expressly excluded from the coverage of this policy, and the company will not pay loss or damage, costs, attorney fees or expenses which arise by reasons of:
* * *
 3. Defects, liens, encumbrances, adverse claims or other matters;
 (a) created, suffered, assumed or agreed to by the insured claimant;
 (c) resulting in no loss or damage to the insured claimant;
 I (A)
Herein, appellant initially argues the trial court erred in concluding it sustained no loss because the value of its remaining collateral (the Aspen Court property) exceeded the amount due appellant on the defaulted note. The trial court reasoned:
 Had HNB [appellant] bid on the property for the two-thirds value and resold at the appraised value or if HNB had bid on the Aspen Court property at the sheriff's sale and the winning bid went to a third party at the appraised value then HNB would not have suffered any loss as a result.
(March 13, 1998 Judgment Entry at 5).
Appellee contends and the trial court found a title insurance mortgagee's policy is a contract of indemnity, not of guarantee, whereby the insured does not guarantee the state of the title, but rather agrees to indemnify the insured for any loss when the security for the mortgage proves inadequate. See, Falmouth Nat'lBank v. Ticor Title Ins. Co. (1990), 920 F.2d 1058; CMEI, Inc. v.American Title Ins. Co. (1984), 447 So.2d 427, 428; and BlackhawkProd. Credit Assoc. v. Chicago Title Ins. Co. (1988),423 N.W.2d 521. We agree.
Specifically, we reject appellant's argument the measure of the insured mortgagee's damages for the insurer's failure to except a prior, undisclosed mortgage from coverage is the amount required to remove the undisclosed lien from the property — particularly where, as here, the insured's mortgage covers more than one parcel of property. Unlike the court in Greenberger v.Iseon (1980), 76 A.2d 329, 429 N.W.2d 209, cited by appellant, we believe the value of the remaining security is relevant in determining whether a loss exists under the policy. The measure of damages is not, necessarily, the cost of removing the lien. As such, we reject appellant's argument, "the trial court's consideration of the value of the second additional property securing the Note — the Aspen Court property — was improper in calculating Huntington's loss under the Policy." (Appellant's Brief at 13). Accordingly, we overrule this subsection of appellant's first assignment of error.
 (B)
Appellant next argues a genuine issue of material fact exists as to the fair market value of the collateral, i.e., the Aspen Court property.
The trial court found the "Fair market value (of the Aspen Court property) is an issue of law not fact". (March 13, 1998 Judgment Entry at 5). The trial court apparently found, as a matter of law, the fair market value of the Aspen Court property was $172,500, based upon three appraisals prepared in conjunction with the Sheriff's sale. We agree with appellant the trial court erroneously held fair market value is an issue of law rather than an issue of fact.
We find, when construing the evidence in light most favorable to the non-moving party (appellant), reasonable minds could differ as to the fair market value of the Aspen Court property based upon the history of the property's listing for sale from February 21, 1996, to August 1, 1997.[1] We find the absence of any offers, at or near the $172,500 appraisal price, sufficient to cause reasonable minds to differ as to whether the appraisal price actually is the fair market value. The fact the property sold for $115,000 at the Sheriff's sale suggests $172,500 may be considerably higher than the fair market value.[2]
Accordingly, we sustain this subsection of appellant's first assignment of error. We conclude the trail court erred in finding, as a matter of law, the fair market value of the Aspen Court property was $172,500. We believe a genuine dispute exists as to this material fact.
 (C) (D)
Appellant's third and fourth subsections of his first assignment of error are interrelated. The trial court found appellant failed to mitigate its damages by bidding on the property at the Sheriff's sale. By failing to bid, the trial court found the "Exclusions From Coverage" provision of the policy noted supra, was triggered. In other words, the trial court specifically found, but for appellant's failure to bid at the Sheriff's sale, it would not have "suffered" any loss. (March 13, 1998 Judgment Entry at 5).
Appellant asserts "There is no case law or code provision in any jurisdiction that requires a lender to bid on property at a foreclosure sale in order to meet any duty to mitigate damages or in furtherance of any other cause." (Appellant's Brief at 17). Appellee fails to identify any case law to the contrary. Appellee relies upon the general duty to mitigate damages and the "Doctrine of Avoidable Consequences" as noted in the trial court's judgment entry, citing Four Seasons Envtl. Ins. v. Westfield Co. (1984),93 Ohio App.3d 157, in support thereof. We have reviewed FourSeasons, supra, and note it does not involve a lender's duty to bid on property at a foreclosure sale. We hold no such duty exists.
We hasten to add, even if such a duty existed, appellant's failure to bid would be excused because appellee had an equal opportunity to bid, but did not do so. See, Chrysler First Fin.Serv. Corp. v. Chicago Title Ins. Co.(1993), 595 N.Y.S.2d 302; and Walker v. Trans Am. Title Ins. Co. (1992), 65 Wn. App. 399. An injured party is under no duty or obligation to mitigate if the wrongdoer, who had the duty to perform under the contract, had an equal opportunity to perform and equal knowledge of the consequences of nonperformance. See, Shea-S M Ball v.Massman-Kiewit-Early (1979), 606 F.2d 1245.
Accordingly, we find the trial court erred in finding appellant had a duty to mitigate by bidding on the property. These two subsections of appellant's first assignment of error are sustained.
 II
In light of our disposition of appellant's first assignment of error and because the denial of a motion for summary judgment does not determine the action or prevent a judgment, such denial is not a final appealable order pursuant to R.C. 2505.02. See,Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Accordingly, we overrule this assignment of error for lack of jurisdiction.
 III
We agree with appellant Ohio recognizes a separate tort action in negligence for a title insurer's failure to note an encumbrance of record in a title insurance policy. Such action is embodied in R.C. 3953.07. However, we agree with appellee and the trial court Paragraph 14 of the title insurance policy provides the contractual remedy set forth in the policy is exclusive. Appellant has failed to allege any error as to this separate, independent ground for dismissing appellant's tort claim. Accordingly, we overruled this assignment of error.
The judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the March 13, 1998 Judgment Entry of the Delaware County Court of Common Pleas is affirmed in part and reversed in part and the case remanded to that court for further proceedings in accordance to our opinion and the law. Costs assessed to appellee.
[1] We recognize the final listing price was $2,400 (1.4 percent) more than the appraisal value for the Sheriff's sale.
[2] We recognize the highest bid at the sheriff's sale (115,000) is not conclusive as to the fair market value of the property because a Sheriff's sale does not involve a willing seller.