[Cite as *First Fin. Bank, N.A. v. Cooper*, 2016-Ohio-3523.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, N.A., | : | APPEAL NO. C-150664 |
| | | TRIAL NO. A-1500091 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| DOUGLAS J. COOPER, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  June 22, 2016

*Lange, Quill & Powers, PLC*, and *John E. Lange*, for Plaintiff-Appellee,

*The Blessing Law Firm* and *David S. Blessing*, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1}   Defendant-appellant Douglas Cooper appeals from a judgment of the Hamilton County Court of Common Pleas requiring him to pay plaintiff-appellee First Financial Bank, N.A., ("First Financial") $61,408.19 plus interest and costs for breach of a promissory note.  Because we determine that a genuine issue of material fact exists with regard to whether First Financial mitigated its monetary damages, we reverse that portion of the trial court's judgment and remand the cause for further proceedings.  We affirm the remainder of the trial court's judgment.

{¶2}   In 2006, Cooper assisted his daughter in buying a home on Eustis Court in Hamilton County, Ohio, through First Financial (formerly Peoples Community Bank).  Cooper and his daughter cosigned a promissory note in the amount of $112,000.  Cooper's daughter lived in the Eustis Court home for approximately two years, and then moved out of state.  Instead of selling the property, Cooper's daughter rented the property to tenants, and Cooper continued to make the note payments.

{¶3}   In September 2009, Hamilton County filed a foreclosure action against Cooper, his daughter, and his wife, for delinquent real-estate taxes in the amount of $7,242.87.  It named the Coopers as defendants, as well as First Financial's predecessor Peoples Community Bank.  The Coopers never answered or otherwise responded to the foreclosure complaint.  First Financial filed an answer stating that it was the holder of a promissory note secured by the Eustis Court property, and that $106,435.41 with interest remained due and owing on the note.  Without opposition from the Coopers, Hamilton County obtained a default judgment of foreclosure, and the property was sold at a sheriff's sale to First Financial for $50,000.  In May 2011,

First Financial filed a motion for distribution of the excess sale proceeds, claiming that $118,212.42 was still owed under the promissory note.

{¶4}   In January 2015, First Financial filed a complaint against Cooper for breach of the promissory note.  First Financial alleged that Cooper had failed to make monthly payments due under the note since September 2010, and alleged that $61,408.19 plus interest remained unpaid under the note.  Cooper answered First Financial's complaint and asserted several affirmative defenses, including failure to mitigate damages and res judicata, and Cooper filed a counterclaim for fraud. Cooper alleged that he did not know about the foreclosure of the Eustis Court property because service of the summons and complaint had been sent to him, his wife, and his daughter at the Eustis Court property, where they did not reside. Cooper alleged that First Financial had knowledge of the Coopers' residential address because of their ongoing banking relationship, but that First Financial made no attempt to notify them of the pending foreclosure.

{¶5}   First Financial filed a motion for summary judgment on its claim for breach of the promissory note and on Cooper's fraud counterclaim.  First Financial supported its motion with an affidavit from a retail collections manager, who averred that Cooper had defaulted under the note by failing to make monthly payments since September 2010.  Cooper responded with his own motion for summary judgment and memorandum in opposition.  Cooper filed an affidavit in which he detailed that he had been a longtime customer of Peoples Community Bank, and now First Financial.  Cooper had started his own business in 2009, and had received a business loan from First Financial in April 2010, during the pendency of the foreclosure lawsuit.

{¶6} According to Cooper's affidavit, no one at First Financial discussed the foreclosure lawsuit with him until he tried to make a monthly payment under the note in either September or October 2010, and First Financial refused to take the payment. At that point, First Financial informed Cooper that he no longer owned the property. Cooper stated that he offered to purchase the property back from First Financial for $103,825.23, plus costs and fees of $11,871.21, and he attached a copy of his written offer to the affidavit. According to Cooper, First Financial rejected his offer.

{¶7} Cooper also attached to his affidavit an email from a First Financial branch manager, Donna Farrell, in which Farrell discusses the Eustis Court property with what appears to be another First Financial employee. In the email, Farrell stated that Cooper is a valuable client who holds personal deposit and loan accounts with First Financial, as well as a commercial checking account, loan, and credit card. Farrell indicated that Cooper wanted to buy back the property, and that he wanted to finance the purchase through First Financial. Farrell acknowledged that First Financial had a policy "prohibiting us from financing the purchase of our REO properties[,]" but she wondered whether First Financial would reconsider this policy in light of this "unique situation."

{¶8} The trial court granted summary judgment in favor of First Financial on all claims and entered judgment against Cooper for $61,408.19 plus interest and costs. Cooper has appealed.

{¶9} At the outset, we note that our standard of review of a summary-judgment ruling under Civ.R. 56(C) is de novo. *Schmidt v. Village of Newtown*, 1st Dist. Hamilton No. C-110470, 2012-Ohio-890, ¶ 6. Summary judgment is proper

4

only where no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Id.*, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶10} In his first assignment of error, Cooper argues that the trial court erred in granting summary judgment to First Financial because its cause of action was barred under res judicata.

{¶11} Under the doctrine of res judicata, "a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8.

{¶12} In arguing that First Financial's suit is barred by res judicata, Cooper relies on *U.S. Bank, N.A. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987. The facts of *Gullotta* are wholly distinguishable. In *Gullotta*, the Ohio Supreme Court considered whether each missed payment under a promissory note constituted a new claim, and thus exempted successive actions from the rules of voluntary dismissals under Civ.R. 41(A)(1). In *Gullotta*, the bank had voluntarily dismissed its first two actions against the debtor for breach of a promissory note and mortgage, and then filed a third action against the debtor based upon the same note, mortgage, and default. The bank argued that the third action was not barred by res

judicata because it sought relief in the form of interest only. The court held that once the bank had invoked the acceleration clause of a contract, the debtor had an obligation to pay the entire balance of the note, and the bank could not treat each missed payment as a separate claim. The court held that res judicata applied to bar the bank's third cause of action.

{¶13} By contrast, this case presents the issue of whether a mortgagee named as a defendant in a foreclosure action because of its interest in the subject property must bring its claims against a mortgagor, also named as defendant in the same foreclosure action, or be barred by res judicata from bringing later claims. This issue was decided by the Ninth Appellate District in *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65 (9th Dist.).

{¶14} In *Hopkins*, Andrew Hopkins executed a promissory note and mortgage with Fifth Third Bank, and subsequently executed an equity line of credit, along with his wife, secured by the same property. Approximately four years later, another mortgage company filed a foreclosure action against the Hopkinses for defaulting on a promissory note secured by the same property. The foreclosure complaint named Fifth Third Bank as a defendant as well. Neither the Hopkinses nor Fifth Third Bank filed answers in the foreclosure action, and the mortgage company obtained a default judgment. Fifth Third Bank then filed a complaint for money damages against the Hopkinses. The Hopkinses answered Fifth Third Bank's complaint, raising res judicata as an affirmative defense. The trial court entered judgment in favor of Fifth Third Bank, and the Hopkinses appealed the res judicata issue. The appellate court determined that the prior foreclosure lawsuit did not bar Fifth Third Bank's lawsuit for money damages because the Hopkinses and Fifth

Third Bank were codefendants in the foreclosure lawsuit—not adversarial parties—and thus any claim that Fifth Third Bank may have had against the Hopkinses at that time would have been a permissive cross-claim under Civ.R. 13(G). The appellate court also rejected the Hopkinses' argument that res judicata applied because the remedies in the prior foreclosure action and the instant action were identical. The appellate court reasoned that a note and mortgage are separate instruments, and "even when a mortgage is incorporated into a promissory note, the note remains independent of the mortgage and is a separate, enforceable contract between the parties." *Id.* at ¶ 16. *Hopkins* was relied upon by the Second Appellate District in a similar case, *SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013-Ohio-3931.

{¶15} Cooper argues that *Hopkins* and *Wagshul* are distinguishable because in those cases the defendant banks never answered or sought any type of relief in the foreclosure actions, and, in this case, First Financial answered and received proceeds from the foreclosure sale. The amount of proceeds First Financial received from the foreclosure sale is relevant to any damages calculation in this action by First Financial against Cooper on the note, but the receipt of proceeds does not act as a complete bar to any action against Cooper. Even though First Financial participated in the first lawsuit and sought proceeds from the sale, First Financial did not pursue any judgment against Cooper at that time, nor was it required to do so. *See Hopkins; Wagshul.*

{¶16} As a result, we agree with the trial court that First Financial's action against Cooper to recover under the promissory note was not barred by the doctrine of res judicata. We overrule the first assignment of error.

{¶17} We will address Cooper's third assignment of error next, in which he argues that the trial court erred in granting summary judgment in favor of First Financial on his fraud counterclaim. Cooper's counterclaim alleges that First Financial had a duty to disclose its knowledge of Cooper's residential address in the foreclosure action, and that the court and the parties in that action justifiably relied on First Financial's failure to disclose.

{¶18} Fraud requires proof of

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gator Dev. Corp. v. VHH, Ltd.*, 1st Dist. Hamilton No. C-080193, 2009-Ohio-1802, ¶ 26, quoting *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

{¶19} The first element of fraud by concealment requires proof of a duty to disclose. Cooper argues that First Financial had a duty to disclose Cooper's residential address to the court at commencement of the foreclosure proceedings because First Financial had actual knowledge of Cooper's address, and, as a claimant in the foreclosure action, First Financial should have served its filings on Cooper at his residential address.

8

{¶20} Cooper has cited no authority for the proposition that a defendant-mortgagee in a foreclosure action has a duty to disclose the residential address of a codefendant-mortgagor to the court and plaintiff, nor could we locate any such authority. Therefore, we determine that Cooper has not shown that First Financial breached a legal duty owed to him, and the trial court properly entered summary judgment in favor of First Financial on Cooper's fraud counterclaim.

{¶21} We overrule Cooper's third assignment of error.

{¶22} In his second assignment of error, Cooper argues that the trial court erred in granting summary judgment in favor of First Financial on Cooper's affirmative defense of failure to mitigate damages.

{¶23} Under Ohio law, the injured party in a breach-of-contract action has a duty to mitigate damages, meaning that the injured party cannot recover damages "that it could have prevented by 'reasonable affirmative action.' " *Four Seasons Environmental, Inc. v. Westfield Cos.*, 93 Ohio App.3d 157, 159, 638 N.E.2d 91 (1st Dist.1994), quoting *F. Ents. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154, 351 N.E.2d 121 (1976), paragraph three of the syllabus. An injured party need only use "reasonable, practical care and diligence, not extraordinary measures to avoid excessive damages." *Provident Bank v. Barnhart*, 3 Ohio App.3d 316, 320, 445 N.E.2d 746 (1st Dist.1982). The failure to mitigate damages is an affirmative defense, meaning that the burden of proof lies with the breaching party. *Jindal Builders & Restoration Corp. v. Brown & Cris*, 1st Dist. Hamilton Nos. C-970029 and C-970050, 1997 Ohio App. LEXIS 4768, *3 (Oct. 31, 1997). Whether an injured party used reasonable care to avoid damages presents a question of fact. *Pinnacle Mgt. v. Smith*, 12th Dist. Butler No. CA2003-12-327, 2004-Ohio-6928, ¶ 12.

{¶24} Cooper argues that First Financial failed to mitigate its damages in part by rejecting his offer to purchase the property from First Financial for $103,825.23, after Cooper learned that he no longer owned the property. First Financial rejected Cooper's offer because Cooper needed financing in order to purchase the property, and First Financial has a "policy not to finance the purchase of its REO properties." First Financial contends that it did mitigate its damages by bidding on the property at the sheriff's sale, nearly four times the amount that was owed to Hamilton County for delinquent taxes.

{¶25} First Financial's action in repurchasing the property may have mitigated its damages, but that ignores the question of whether First Financial acted reasonably in rejecting Cooper's offer to repay. Because the record shows that Cooper had been current on all of his note payments until completion of the tax foreclosure, when First Financial rejected Cooper's payment and Cooper discovered he no longer owned the property, a question of fact exists as to whether First Financial acted reasonably in rejecting Cooper's offer to repurchase the property.

{¶26} Because a fact issue remains as to whether First Financial failed to mitigate its damages, summary judgment on this issue was not proper. We sustain Cooper's second assignment of error.

{¶27} In conclusion, we affirm that portion of the trial court's judgment entered in favor of First Financial on Cooper's fraud counterclaim. We reverse the portion of the trial court's judgment awarding damages in favor of First Financial, because an issue of fact remains as to whether First Financial mitigated its damages, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM** and **STAUTBERG, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.