**HOFNER, Appellee,**

v.

**DAVIS et al., Appellants.**

[Cite as *Hofner v. Davis* (1996), 111 Ohio App.3d 255.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–95–083.

Decided May 24, 1996.

*Garth W. Brown,* for appellants.

SHERCK, Judge.

This is an appeal of a civil judgment issued by the Wood County Court of Common Pleas in a case concerning the lease, with option to purchase, of a tractor-trailer. The trial court determined that the purchaser/lessee had not breached the lease/purchase agreement and that the seller's retaliation for matters outside the contract constituted tortious acts sufficient to support puni-

tive damages. Because we conclude that the trial court's findings were supported by the evidence, we affirm.

On July 15, 1993, appellee, Edward D. Hofner, entered into an agreement with appellant, Dale L. Davis,[1] for the lease of a 1985 International tractor-trailer. The terms of the lease called for appellee to make weekly lease payments of $250 and to pay certain specific expenses associated with the truck's operation as a commercial vehicle for a period of one year. The contract gave appellee the option of purchasing the truck at the end of the lease period for a price of $11,000.

In September 1993, appellant sent appellee a letter in which appellant attempted to renegotiate or accelerate the purchase of the truck.[2] In that letter, appellant also threatened to pull, without notice, the truck from the trucking company to which it was leased.[3] In addition, appellant's letter complained about appellee's alleged failure to provide appellant with certain federally mandated documents associated with the operation of the truck.

Appellee responded to appellant by sending a letter of his own on November 14, 1993, in which he correctly noted that the original lease/purchase agreement contained no provision for acceleration. Nonetheless, in this letter, appellee recomputed the balance he owed on the agreement. Based on an immediate payoff and with certain other credits, appellee concluded that his final payment would be $951.45, which he tendered at that time. A few days later, appellee submitted a small additional sum and demanded title to the truck.

In January 1994, according to appellee's trial testimony, appellant offered to give appellee title to the truck if he returned the license plates from the vehicle. Appellee further testified that when he returned the license plates, appellant kept them and did not provide the title. Because of appellant's confiscation of the license plates, the truck could not be operated for approximately one month; this, according to appellee, resulted in a loss of revenue which exceeded $10,000.

Appellee brought suit seeking compensation for this loss as well as punitive damages.

---

**1.** Other parties are Dale Davis's wife, Debra M. Davis, and the couple's business entity, Double D Trucking. For clarity, we shall refer to these parties in the singular.

**2.** Appellee argued that this initiated a negotiation which resulted in a new agreement. The trial court, however, rejected the idea that a novation had occurred. Neither party assigns this decision as error.

**3.** Appellee's contractual relationship with the trucking company is not at issue in this case other than it is the contract with which appellant is alleged to have interfered.

Following a bench trial, the court found that appellee had no contractual duty to provide the mandated operating documents and that appellant's apparent retaliation for appellee's failure to submit these documents was wrongful. The court determined appellant's net loss as a result of this conduct to be $5,400. Additionally, the court concluded that appellant's conduct was "intentional, malicious, [and] fraudulent and constitute[d] malicious conduct in addition to serving as a breach of contract." Consequently, the court awarded appellee punitive damages in the amount of $1,600. From this judgment appellant now brings this appeal, setting forth the following three assignments of error:

"Assignment of Error No. 1

"The trial court erred in finding appellants breached a lease contract when [the] actions of appellee [constituted] violations of federal law, and appellants took appropriate steps to comply with the law.

"Assignment of Error No. 2

"The trial court erred in finding punitive damages appropriate against appellants for a breach of contract.

"Assignment of Error No. 3

"The trial court erred in determining the amount of damages, and applying payments on the lease, and in determining appellee satisfied the contract, all against the manifest weight of the evidence and amounting to an abuse of discretion."

I

Appellant, in his first assignment of error, argues that appellee violated a variety of federal laws pertaining to the trucking industry. The various rules and regulations which govern the trucking industry, however, are irrelevant to this lawsuit as they were neither explicitly nor implicitly made a part of the parties' contractual agreement. The lease/purchase agreement deals in detail with the privileges and obligations of the parties and nowhere in this document is there any reference to federal trucking regulations. Absent the inclusion of those regulations in the agreement or, at a minimum, a specific reference to the regulations, appellant's actions cannot be condoned.

Accordingly, appellant's first assignment of error is found not well taken.

II

Appellant's second and third assignments question the sufficiency of the evidence underlying the court's determination of damages and its decision to exact punitive damages.

■ The general rule in Ohio is that punitive damages may not be recovered in a breach of contract action. *Ketcham v. Miller* (1922), 104 Ohio St. 372, 136 N.E. 145, paragraph two of the syllabus. However, under modern rules of pleading an action for tort may be combined with and arise from the same operative facts as a breach of contract action. *Sweet v. Grange Mut. Cas. Co.* (1975), 50 Ohio App.2d 401, 406–407, 4 O.O.3d 399, 401–403, 364 N.E.2d 38, 41–42. Therefore, if the facts of the case show an intentional tort committed independently, but in connection with, a breach of contract and such tort is accompanied by conduct which is wanton, reckless, malicious or oppressive, then punitive damages may be awarded. *R & H Trucking v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App.3d 269, 272, 2 OBR 298, 301, 441 N.E.2d 816, 819; *Saberton v. Greenwald* (1946), 146 Ohio St. 414, 32 O.O. 454, 66 N.E.2d 224, paragraph two of the syllabus.

■ The same standard of review is employed to assess the weight of evidence whether the finding is for compensatory damages or the elements necessary to justify an award of punitive damages. The factual determinations of a trier of fact will not be overturned as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the cause of action. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

■ After having thoroughly reviewed the record in this matter, we conclude that there was competent, credible evidence by which the court could have found that appellant intentionally, maliciously and fraudulently deceived appellee into surrendering the vehicle's license plates and that the effect of this act was to deprive appellee of his livelihood for nearly a month. This act constituted both a breach of the contract between the parties and an independent intentional tort for which punitive damages might be assessed. The amount of punitive damages assessed by the trial court is reasonable under the circumstances.

■ Concerning the manner in which the trial court calculated the damages due appellee for the period during which he was deprived of the truck, the court attached to its judgment entry detailed addenda explaining its rationale and the assumptions it employed to ascertain a final figure. Upon review, we conclude that the methods and computations employed by the court are supported by the evidence.

Accordingly, appellant's second and third assignments of error are found not well taken.

On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and ABOOD, JJ., concur.