PARRISH et al., Appellees,

v.

MACHLAN, Appellant.

[Cite as *Parrish v. Machlan* (1997), 131 Ohio App.3d 291.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961001.

Decided Dec. 5, 1997.

*Robert H. Davis,* for appellees.

*Gayle S. Goldsmith,* for appellant.

MARIANNA BROWN BETTMAN, Judge.

Plaintiff-appellee, Carole Parrish, sought the services of defendant-appellant, John Machlan, a bench jeweler[1] with defendant Goldsmith's Hall, Inc., to redesign a ring she had inherited from her grandmother. The ring was made up of diamonds and sapphires. When the redesigned ring was finished, both the new ring and a number of unused loose stones from the original ring were returned to Parrish. Parrish claimed that one diamond was missing, that two of the diamonds, one of which was synthetic, were not part of the original set, and that several remaining stones were chipped or cracked. She brought an action against Machlan and Goldsmith's Hall for damage to her precious stones and for conversion. After a bench trial, the court found against Machlan[2] and awarded

---

1. A bench jeweler is someone skilled in making jewelry.

2. Goldsmith's Hall was closed October 31, 1994, shortly before the filing of this lawsuit. The judgment is against Machlan only, and he is the sole appellant.

Parrish $4,827.50 in compensatory damages,[3] $1,000 in punitive damages, $2,397 in attorney fees, and $454.50 in litigation costs. Machlan filed this appeal, alleging seven assignments of error.[4]

## ASSIGNMENTS OF ERROR

In his first assignment of error, Machlan argues that although the trial court found this to be a bailment case, it then erroneously based its judgment and award of damages on a theory of conversion. This contention is without merit. The complaint in this case alleged claims for relief on theories of bailment and conversion. At trial, the evidence established that the ring was entrusted to Machlan and that some of the stones entrusted to him were damaged when they were returned to Parrish. This made out a prima facie case of bailment. *David v. Lose* (1966), 7 Ohio St.2d 97, 36 O.O.2d 81, 218 N.E.2d 442, paragraph one of the syllabus. It is true that the negligence of a bailee in caring for bailed property is not a conversion. *United States Fire Ins. Co. v. Paramount Fur Serv., Inc.* (1959), 168 Ohio St. 431, 7 O.O.2d 267, 156 N.E.2d 121, paragraph two of the syllabus. But the evidence in this case also established that when the ring was returned to Parrish, two diamonds were substituted and one was missing. This can constitute conversion. *Baltimore & Ohio RR. Co. v. O'Donnell* (1892), 49 Ohio St. 489, 32 N.E. 476; *In re Cawein* (Nov. 1, 1995), Hamilton App. No. C–940885, unreported, 1995 WL 653853. Thus, since both theories were pleaded and proved, the court's judgment was entirely appropriate. The first assignment of error is overruled.

Machlan's second and third assignments of error allege that the judgment was against the manifest weight of the evidence and that the trial court erred in failing to direct a verdict in his favor at the close of Parrish's case. We will address these together, taking the latter first.

Machlan argues that the trial court erred in failing to direct a verdict in his favor at the close of Parrish's case. As this court has reminded counsel on many occasions, a motion for directed verdict lies only in a jury trial. Thus, Machlan's assignment of error is misstated, and Parrish's reliance on the waiver argument in *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464, is misplaced. Nevertheless, we will treat this assignment of error as one arguing that the court erred in failing to grant a dismissal under Civ.R.

---

3. The court ordered that $4,590 of this award be paid to Parrish's insurer, plaintiff-appellee West American Insurance Co., which had paid this amount to Parrish. No one disputes this subrogation claim.

4. We have *sua sponte* removed this case from the accelerated calendar.

41(B)(2), which permits dismissal on the ground that "upon the facts and the law the plaintiff has shown no right to relief."

Parrish adequately met the requirement to defeat Machlan's motion for dismissal in the presentation of her case. Scott Reising Jewelers provided Parrish with a written appraisal and description of the ring before she took it to Machlan to be redesigned. The description of the stones ("Reising description"), but not the appraised value of the ring, was received into evidence without objection. Several months after Machlan received the ring, he issued to Parrish a receipt that listed the number of stones. Most significantly, after the return of the redesigned ring from Machlan, Parrish had the ring and the stones examined by Samuel Parenti, then an appraiser with Herschede's Jewelers. By doing a comparison, Parrish established that one diamond, called an "old European" or "miner's cut," a stone apparently of lesser quality, was not in the Reising description. In addition, another "diamond" returned to Parrish was actually cubic zirconium, a fake or synthetic stone, also not in the Riesing description. Finally, by a simple count of the stones in the ring and the loose stones in the bag returned to her, one diamond was missing. Parenti also described a number of stones that were chipped or otherwise damaged. Nothing in the Reising description suggested that any of the stones were in this condition before they were brought to Machlan. Thus, at the close of Parrish's case, we hold that she had presented evidence in support of the elements of the claims she was required to prove and that the trial court did not err in denying Machlan's motion for a dismissal. *Altimari v. Campbell* (1978), 56 Ohio App.2d 253, 256, 10 O.O.3d 268, 270, 382 N.E.2d 1187, 1190.

We next address Machlan's argument that the trial court's decision was against the manifest weight of the evidence. As noted above, Parrish tightly established that the unusual cut and the synthetic diamonds were different from those she brought in, and that, by count comparison, there was one diamond missing. Machlan denied that he ever had the old miner's cut diamond or the cubic zirconium in his possession, and he offered no explanation for how they came to be part of Parrish's loose stones. Likewise, he denied that any of the stones he returned to Parrish were chipped or damaged. Nor did he have an explanation for the one missing diamond. He contended that all of this must have happened after the ring and the stones left his store. As trier of the facts, the court was free to believe that the damage, substitution, and loss occurred on Machlan's watch. Where we find both competent and credible evidence supporting the court's judgment, we will not disturb it on appeal. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 261–262, 376 N.E.2d 578, 579; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–

411, 461 N.E.2d 1273, 1277. Therefore, Machlan's second and third assignments of error are overruled.

In his fourth assignment of error, Machlan argues that the trial court erred in not considering Parrish's failure to examine the merchandise on delivery. The record quite simply does not support this assignment of error. To the contrary, Parrish did examine the merchandise, and her concerns caused her to seek out Parenti to examine the stones. This assignment of error is without merit.

In his fifth assignment of error, Machlan argues that the trial court erred in determining the damages in this case.

Machlan's argument that Parrish failed to mitigate damages has no conceivable application in this case. The rule requiring one injured by a wrongful act of another to minimize the resulting damages does not require a party to do what is unreasonable or impracticable. *Four Seasons Environmental, Inc. v. Westfield Cos.* (1994), 93 Ohio App.3d 157, 159–60, 638 N.E.2d 91, 92; *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 168, 4 OBR 264, 268–269, 446 N.E.2d 1122, 1127. It is not reasonable to suggest that Parrish, after discovering the damaged stones and the conversion, should have returned to the wrongdoer to rectify the matter. Thus, once the wrongs were committed, Parrish was under no obligation to let Machlan fix the ring or replace the damaged stones.

The trial court awarded compensatory damages in the amount of $4,827.50 in this case. This represented the difference in value between the ring at the time Machlan took possession of it [5] and the ring and the stones after they were returned to Parrish,[6] plus reimbursement to Parrish for what she paid Machlan for redesigning the ring and disassembling the stones.[7] This award of damages, which was essentially the difference in the fair market value before and after the damage to and conversion of the stones, was wholly correct and very clearly articulated by the trial court. *Maloney v. Gen. Tire Sales, Inc.* (1973), 34 Ohio App.2d 177, 180, 63 O.O.2d 289, 291–292, 296 N.E.2d 831, 834. The fifth assignment of error is overruled.

In his sixth assignment of error, Machlan argues that the court erred in awarding punitive damages and attorney fees to Parrish.[8] Punitive damages

---

5. The court concluded that $18,000 was the amount Parrish and Machlan agreed to when the ring was brought in. The value of the ring for insurance purposes was slightly higher because it was based on Reising's appraisal, which was not admitted into evidence.

6. This value was established in the Herschede's appraisal.

7. Because the court felt that no value was clearly established for the platinum setting returned to Parrish along with the ring and the stones, the court assigned this a value of one dollar.

8. The amount of the awards is not challenged, only the legal basis.

may be recovered in a conversion action when the conversion involves elements of fraud, malice, or insult. *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464, overruled on other grounds in *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. In this case there was evidence from which the court could find that the conversion was fraudulent or willful. Therefore, we decline to disturb the award of punitive damages. Once punitive damages are awarded, reasonable attorney fees are also properly awarded. *Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co.* (1984), 12 Ohio St.3d 241, 245, 12 OBR 322, 325–326, 466 N.E.2d 883, 888. Litigation expenses may also be awarded as part of punitive damages. *Davis v. Sun Refining & Marketing Co.* (1996), 109 Ohio App.3d 42, 60, 671 N.E.2d 1049, 1061. This assignment of error is overruled.

In his last assignment of error, Machlan argues that the court erred in allowing Parrish's counsel to misstate the evidence to the court.

We do not find that Parrish's counsel misrepresented the Reising description or tried to use it as an appraisal after the court limited the admission of the document only to the description. Further, the court was clearly not misled, as the court used only the Reising description, not the appraisal, in its calculation of damages.

We also do not find that Parrish's counsel improperly suggested that this civil matter was criminal in nature. At best, such references constitute harmless error because "arguments" are not evidence. Further, in a bench trial, a court is presumed to rely only on relevant material and competent evidence. *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93, Internatl. Assn. of Fire Fighters* (1991), 73 Ohio App.3d 220, 225, 596 N.E.2d 1086, 1089. This assignment of error is overruled.

Finding no merit in any of Machlan's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, P.J., and GORMAN, J., concur.