DECISION
Plaintiff-appellee Linda Wallace bought a 1993 Chevrolet Lumina from McCluskey Chevrolet. She financed the purchase, and the installment loan contract called for forty-eight monthly payments of $236.31. Wallace applied and paid for optional credit insurance coverage. She was subsequently found to be ineligible for it, and the premium payment of $659.01 was applied toward her monthly payments on the installment loan. The financing agreement between Wallace and Sunstar stipulated that any credits were to be applied to the final installments of a customer's loan. However, Sunstar mistakenly applied the premium refund to the current installments on Wallace's loan. Thus, Wallace received a monthly statement for October 1997 showing that her account was "paid ahead." When she called Sunstar regarding the notice, Sunstar informed her that the premium payment had been refunded and applied to her monthly payments, and that therefore no additional payment was due from her for the months of October and November 1997. In December of 1997, Wallace received her monthly statement from Sunstar, only this time the statement showed a balance owed of $714.93. Wallace called Sunstar immediately and was assured that she only owed $49.92 through the rest of the year. Later that same month, Wallace received another phone call from Sunstar. For the first time, she was informed of Sunstar's mistake and told that she owed $714.93. However, from January 1998 through May 1998, Wallace continued to simply remit her regular monthly payment of $236.31.
On the morning of June 18, 1998, Wallace walked out of her home to go to work and found her car missing. Assuming it had been stolen, Wallace called the local police, who subsequently informed her that her car had been repossessed, not stolen. Wallace did not receive formal written notification of the repossession until June 27, 1998, at which point she had only one day to redeem her car for a value of $6,592.72. Unable to obtain this sum in such a short time, Wallace could not redeem her car, and it was thereafter sold at a repossession sale.
On August 7, 1998, Wallace filed a complaint against Sunstar. In her complaint, Wallace alleged violations of the Ohio Consumer Sales Practices Act, R.C. Chapter 1345, conversion, breach of contract and wrongful repossession of her car. A bench trial commenced on March 17, 1999. The trial court entered its findings of fact and conclusions of law and journalized a judgment entry on May 6, 1999, finding in favor of Wallace on the breach-of-contract, conversion and wrongful-repossession claims. The trial court held that the Ohio Consumer Sales Practices Act was inapplicable and denied Wallace's claim under the statute. The trial court awarded compensatory damages in the amount of $8,000 for the loss of her car and $2,000 for the loss of use of the car. Punitive damages were awarded in the amount of four times compensatory damages, or $40,000. Attorney fees totaling $8,343 were also awarded to Wallace, and costs were assessed against Sunstar.
Sunstar has appealed to this court, raising four assignments of error. Wallace has filed a cross-appeal, asserting that the trial court erred in holding that the Ohio Consumer Sales Practices Act was inapplicable. Because we find none of the assignments of error to be well taken, we affirm the judgment of the trial court.
In its first assignment of error, Sunstar asserts that the trial court erred in finding that it was equitably estopped from exercising its contract rights with respect to Wallace. Specifically, Sunstar argues that because Wallace was delinquent on her installment loan, it had the contractual right to repossess her car. At trial, Wallace asserted the affirmative defense of equitable estoppel in response to Sunstar's allegations of breach of contract and default.[1] The trial court found that Wallace had met her burden of proving the defense of equitable estoppel, and that, consequently, Sunstar was precluded from exercising its contractual right of repossession. We agree with the trial court. The evidence at trial was uncontroverted that Sunstar had made several written and oral representations to Wallace that her account was "paid ahead." Relying on these representations, Wallace did not remit payments for October and November of 1997, and only remitted $49.92 in December of 1997. When Sunstar finally discovered its mistake, it was estopped from holding Wallace in default on her installment loan.
Sunstar argues that representations founded on an innocent mistake, where there is no intent to defraud or deceive, cannot form the basis for the successful assertion of equitable estoppel. However, equitable estoppel, unlike a claim for fraud, does not require proof of an intent to mislead, but only requires proof of representations intended to induce reliance.[2]
Sunstar's communications with Wallace were intended to produce the result that occurred, i.e., that Wallace remitted a different payment to Sunstar in reliance on its representation to her that her account was "paid ahead." Thus, Sunstar's first assignment of error is overruled.
Because the defense of equitable estoppel was established at trial, it follows that Sunstar's repossession of Wallace's car was wrongful, since it was not based on any enforceable contractual right. It was Sunstar's act of wrongful repossession that supported the compensatory and punitive damages awarded by the trial court. Sunstar challenges both the amount of the compensatory damages and the award of punitive damages in its second and third assignments of error. The trial court awarded Wallace $8,000 for the loss of her car and $2,000 for the loss of use of the car, for a total of $10,000 in compensatory damages. We find no error in this assessment of damages. Wallace's testimony regarding the value of her car was admissible evidence and relevant to the valuation of the loss of her car.[3] The fact that the trial court found Wallace's testimony more persuasive than the testimony of Sunstar's witness regarding the market value of Wallace's car was an appropriate exercise of the trial court's discretion. Sunstar's second assignment of error is overruled.
Sunstar's challenge to the trial court's award of punitive damages is similarly without merit. The trial court found that Sunstar's conduct in repossessing Wallace's car was so outrageous that punitive damages were appropriate, and it assessed those damages at four times the amount of compensatory damages, or $40,000. After a thorough review of the record, we hold that there was clear and convincing evidence adduced at trial from which actual malice could be inferred.[4] Wallace had justifiably relied on Sunstar's representations regarding the status of her account. Even though she was subsequently made aware that Sunstar had made a mistake and because of that mistake considered her loan to be delinquent, Wallace was never notified of Sunstar's intention to repossess her car. The letter of notification was postmarked four days after the repossession occurred. Wallace simply walked outside of her home one morning to discover her car missing. In light of everything that had transpired between Wallace and Sunstar regarding her installment loan, removing her car from her driveway without prior notice or attempts to reconcile the account balance constituted behavior egregious enough to support the award of punitive damages.[5] Compensation for the attorney fees incurred in recovery of the property wrongfully converted was also proper.[6] Sunstar's third assignment of error is overruled.
In its fourth assignment of error, Sunstar maintains that it was contractually entitled to a deficiency judgment, in essence as reimbursement from Wallace for the monetary difference between the sale price of her car after repossession and the balance owed on her loan. In light of our disposition of Sunstar's first three assignments of error, we hold that this assignment of error is not well taken.
In her cross-appeal, Wallace argues that she was entitled to treble damages under the Consumer Sales Practices Act, R.C. Chapter 1345. The trial court concluded that the Act was inapplicable to the instant transaction, and we agree. Thus, we do not reach the issue of whether statutory treble damages can be "stacked" on top of the punitive damages awarded on common-law claims.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 DOAN, P.J., PAINTER and SUNDERMANN, JJ.
[1] In order to prove equitable estoppel, one must show that a person, by acts, representations or silence, intentionally or negligently induced another to believe certain facts existed, and that the other justifiably relied and acted on that belief to his prejudice. State ex rel. Madden v. Windham Exempted VillageSchool Dist. Bd. of Education (1989), 42 Ohio St.3d 86, 90,537 N.E.2d 646, 649.
[2] First Federal S L Assn. v. Perry's Landing, Inc. (1983),11 Ohio App.3d 135, 463 N.E.2d 636.
[3] Bishop v. E.O. Gas Co. (1944), 143 Ohio St. 541,56 N.E.2d 164, paragraph two of the syllabus; Layton v. Moving Storage Co.
(1959), 109 Ohio App. 541, 160 N.E.2d 138.
[4] R.C. 2315.21; Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 543 N.E.2d 464, overruled on other grounds in Moskovitzv. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 635 N.E.2d 331;Hofner v. Davis (1996), 111 Ohio App.3d 255, 675 N.E.2d 1339.
[5] Fulks v. Fulks (1953), 95 Ohio App. 515, 121 N.E.2d 180.
[6] Fulks, supra, at 21; Parrish v. Machlan (1997), 131 Ohio App.3d 291,722 N.E.2d 529, citing to Charles R. Combs Trucking,Inc. v. International Harvester Co. (1984), 12 Ohio St.3d 241,245, 466 N.E.2d 883, 888.