OPINION
Plaintiff-appellee, Paul Shaw, was placed in the custody of the Ohio Department of Youth Services ("ODYS") when he was sixteen years of age. Shaw alleged that defendant-appellant, Michael Thomas, an ODYS social worker, sexually assaulted Shaw on at least three separate occasions. As a result of these allegations, Thomas pled guilty and was convicted of one count of attempted sexual battery.
Shaw then brought the instant civil lawsuit against Thomas, alleging assault, battery, outrage and intentional infliction of emotional distress. Thomas filed an answer, pro se, to the complaint, denying all allegations. On November 9, 1998, Shaw moved for summary judgment on all counts. In an affidavit supporting his summary judgment motion, Shaw testified that Thomas sexually assaulted him on three occasions. Shaw stated that he reported the incidents to the authorities, and that Shaw was convicted of one count of attempted sexual battery as a result of his conduct with Shaw. Thomas did not respond to Shaw's motion for summary judgment and, on January 21, 1999, the trial court granted Shaw's motion on the assault, battery and emotional distress claims. The court referred the case to a magistrate for a hearing on damages.
On February 22, 1999, Thomas, still acting pro se, filed a Civ.R. 60(B) motion for relief of judgment. Thomas attached a one-page, unsworn typewritten document to his motion. In the document, Thomas criticized Shaw for "agree[ing] with authorities to wear a wire." He also admitted to his criminal conviction, although he argued that Shaw should not have felt threatened because he was wearing a wire and knew that "the response would be immediate" from the authorities. Thomas also attached an unauthenticated, multi-page handwritten document that appears to detail Shaw's social history and treatment plan. On April 19, 1999, the trial court denied Thomas's Civ.R. 60(B) motion.
On July 28, 1999, a magistrate heard testimony from Shaw and Thomas pertaining to damages. The magistrate recommended that the court grant compensatory damages of $100,000 and punitive damages of $100,000. The court adopted the magistrate's recommendation. On August 30, 1999, the trial court entered final judgment against Thomas in the amount of $200,000.
Thomas appeals the decision of the Franklin County Court of Common Pleas, essentially raising the following assignments of error:
 The trial court erred in granting Shaw's motion for summary judgment.
 The trial court erred in awarding to Shaw $100,000 in compensatory damages and $100,000 in punitive damages.
For the reasons that follow, we affirm the judgment of the trial court.
By his first assignment of error, Thomas contends that the trial court granted Shaw's motion for summary judgment in error. Appellate court review of a summary judgment motion is de novo. Helton v. Scioto Cty.Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "As a result, [appellate] court[s] appl[y] the same summary judgment standard as the trial court and must affirm the trial court's judgment if any valid grounds are found on appeal to support it, even if the trial court failed to consider those grounds." Coventry Township v. Ecker (1995),101 Ohio App.3d 38, 41-42. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v.Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
Pursuant to Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex rel. Gradyv. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record that establish the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,292-293. After the moving party satisfies this initial burden, the nonmoving party bears a reciprocal burden to respond by affidavit, or as otherwise provided in Civ.R. 56, and must set forth specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E). Civ.R. 56(E) provides that:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
In his affidavit, Shaw submitted evidence that entitled him to summary judgment on his claims of assault, battery and intentional infliction of emotional distress. Thomas failed to set forth specific facts showing that there was a genuine issue for trial. Moreover, although we agree that Thomas was not entitled to relief from judgment pursuant to Civ.R. 60(B), we observe that none of the documents attached to Thomas's Civ.R. 60(B) motion demonstrated that there was a dispute of fact as to any material issue. Thomas's first assignment of error is overruled.
Thomas next argues that the trial court erred in awarding to Shaw $100,000 in compensatory damages and $100,000 in punitive damages. The same standard of review is employed to assess the weight of the evidence whether the findings are for compensatory damages or the elements necessary to justify an award of punitive damages. As long as there is competent, credible evidence going to each essential element, the decision of the trier of fact may not be overturned on appeal. C.E.Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus;Hofner v. Davis (1996), 111 Ohio App.3d 255, 259. Punitive damages may be awarded if a defendant's conduct demonstrates "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Malone v. Courtyard by Marriott L.P.
(1996), 74 Ohio St.3d 440, 445-446.
There is ample evidence in the instant action for an award of $100,000 in compensatory damages. Shaw testified that he has nightmares and that he cannot go out into the public because he is afraid of people. He testified that, in the wake of his ordeal with Thomas, Shaw saw a doctor who prescribed medication and counseling, treatment he is unable to afford.
Similarly, the record includes evidence supporting the $100,000 punitive damages award. Thomas testified that he was a social worker charged with administering part of Shaw's treatment plan. Thomas admitted that he was aware that Shaw had self-esteem problems and a history of abuse. He testified that he knew that it would be inappropriate for any authority figure to have any sort of sexual conduct with a child with Shaw's background. Thomas's second assignment of error is overruled.
Shaw also filed a motion to strike appellant's brief and request for sanctions on April 27, 2000. Shaw's motion is denied; however, it is ordered by this court, sua sponte, that the parties' appeals briefs be placed under seal. See Akron Bar Assn. v. Bonetti (1998),82 Ohio St.3d 1484; In re Application of Pacifico for Sealing of Records
(1998), 129 Ohio App.3d 152, 155 (noting that "[a]s to the sealing of records, it is commonplace that courts have control of their own records * * *").
For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ______________________ PETREE, J.
BRYANT and TYACK, JJ., concur.