OPINION
Leikin Oldsmobile, Inc. ("Leikin") filed a cross-appeal from the October 31, 2000 judgment entry by the Lake County Court of Common Pleas. Leikin's cross-appeal pertains solely to the grant of judgment in favor of defendants, Spofford Auto Sales ("Spofford Auto"), John Spofford, and John Doe as to its claims for punitive damages and attorney's fees. For the following reasons, we affirm the decision of the lower court.
On December 2, 1999, Leikin filed a complaint against Spofford Auto, John Spofford, and John Doe, alleging five counts of breach of contract and five counts of conversion.[1] In particular, Leikin alleged that between April 2, 1999 and May 15, 1999, it entered into five written contracts with defendants to sell a 1989 Chevy Baretta for $500, a 1994 Mitsubishi Montero for $12,200, a 1990 Pontiac Sunbird for $300, a 1985 Oldsmobile 88 for $300, and a 1989 Ford Escort for $250. Leikin alleged that it fulfilled its obligation under each contract by delivering the vehicles to defendants; however, defendants failed and refused to make the payments or return the vehicles upon demand. Leikin also alleged that defendants intentionally and wrongfully retained and converted the vehicles. Leikin demanded punitive damages and attorney's fees under its alleged conversion claims. Thereafter, on January 25, 2000, defendants Spofford Auto and John Spofford filed their answer, denying the allegations.
Subsequently, the matter was forwarded to non-binding arbitration on July 26, 2000. In a report filed that same day, the arbitrators awarded judgment in favor of Leikin in the amount of $13,550, the contract price of the five vehicles. On August 7, 2000, defendants filed a "notice of appeal de novo" with the trial court.
A bench trial was held on September 8, 2000. The trial court filed a judgment entry on October 31, 2000, granting judgment for Leikin in the amount of $13,570 and judgment for defendants on Leikin's claims for attorney's fees and punitive damages. On November 30, 2000, Spofford Auto filed a timely notice of appeal. Leikin then filed a cross-appeal on December 11, 2000. On March 5, 2001, this court sua sponte dismissed Spofford Auto's appeal for failure to prosecute. Leikin's cross-appeal remains. Leikin asserts the following assignments of error in its cross-appeal:
 "[1] The trial court erred in granting judgment in favor of defendants with respect to plaintiff's claim for attorney fees.
 "[2] The trial court erred in granting judgment in favor of defendants with respect to plaintiff's claims for punitive damages."
In its first assignment of error, Leikin contends Spofford's actions constituted conversion; therefore, the trial court erred in granting judgment in favor of Spofford as to its claim for attorney's fees. Leikin contends that such conversion constituted bad faith. Leikin adds that Spofford, without title, exercised unauthorized control of the vehicles for his own profit. Leikin argues the evidence overwhelmingly supports an award of attorney's fees and that, while Spofford was profiting, it incurred $8,287.50 in attorney's fees to recover the value of the converted vehicles. Leikin avers it could not be made whole without the grant of attorney's fees.
In its second assignment of error, Leikin argues Spofford's conversion involved fraud, malice, or insult, warranting an award of punitive damages. Leikin asserts Spofford admitted to putting the Montero on its lot for sale, despite not being the titleholder, and to allowing it to be driven for months. Leikin points out that the Montero had a conventional license tag as opposed to a dealer tag, clearly showing that there was fraud, malice, or insult involved. Leikin contends it is entitled to punitive damages, including attorney's fees incurred in recovering the value of the converted vehicles.
It is necessary to begin with the trial court's October 31, 2001 judgment entry that is being appealed. In that judgment entry, the trial court states:
 "Judgment for the plaintiff in the amount of $13,570.00[.]
 "Judgment for the defendants on plaintiff's claims for punitive damages and attorney fees."
The trial court entered a general verdict in favor of appellees. It is unclear which of Leikin's counts the trial court found to be meritorious in its award of $13,570. Leikin set forth five counts for breach of contract and five counts for conversion. It is unclear whether the trial court's award of $13,570 to Leikin was for all five of its breach of contract claims, its conversion claims, or a combination of those claims. The trial court's judgment does not set forth the law that was applied or the facts that were considered by the court. Leikin did not move the court for findings of fact or conclusions of law pursuant to Civ.R. 52.
Civ.R. 52 provides, in part:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
The purpose of Civ.R. 52 is to aid an appellate court in reviewing the evidence and in determining the validity of the basis for the trial court's judgment. Yardmaster, Inc. v. Kish (Sept. 25, 1998), 11th Dist. No. 97-T-0160, 1998 Ohio App. LEXIS 4543, at 8, citing In re Gibson
(1986), 23 Ohio St.3d 170, 172-173; see, also, Werden v. Crawford
(1982), 70 Ohio St.2d 122, 124. A party may file a request for findings of fact and conclusions of law, pursuant to Civ.R. 52, to ensure the fullest review on appeal. Rosier v. Rosier (Apr. 14, 1989), 11th Dist. No. 3959, 1989 Ohio App. LEXIS 1371, at 4. Civ.R. 52 provides an appellant with a means, after the entry of a judgment, to obtain separate findings of fact and conclusions of law by which an appellate court could test a trial court's judgment. Pawlus v. Bartrug (1996),109 Ohio App.3d 796, 801. "Where a trial court hears and determines a cause without the intervention of a jury and does not make separate findings of fact and conclusions of law, and no request is made therefor[sic], and any evidence is adduced to support the conclusions reached under proper rules of law applicable thereto, a reviewing court will presume that all proper rules of law were applied." French v. Weldy
(Nov. 18, 1994), 11th Dist. No. 93-A-1792, 1994 Ohio App. LEXIS 5162, at 5-6, quoting Scovanner v. Toelke (1928), 119 Ohio St. 256, paragraph four of the syllabus; see, also, Pettet v. Pettet (1988), 55 Ohio App.3d 128,130.
In the instant case, in the trial to the bench, absent a request in accordance with Civ.R. 52, the trial court was not required to issue findings and conclusions. Leikin's appeal pertains solely to the trial court's judgment in favor of defendants as to its punitive damages and attorney's fees, which were sought under each of its conversion claims. However, as explained previously, it is unclear whether the trial court's award of $13,570 to Leikin included any of its conversion claims. In order for this court to properly address Leikin's arguments on appeal, pertaining to the denial of its request for punitive damages and attorney's fees, it is pertinent to know whether the trial court's award of $13,570 to Leikin included any of its conversion claims. For instance, a party may recover punitive damages for the conversion of his property. Meacham v. Miller (1992), 79 Ohio App.3d 35, 40.[2]
It is difficult, if not impossible, to determine the basis of the trial court's ruling without findings of fact and conclusions of law pursuant to Civ.R. 52. Absent such a request for findings and conclusions, this court has no choice but to presume the regularity of the proceedings in the court below. See French, supra. We, as a reviewing court, are limited in our scope. We must presume that the trial court heard the evidence, that the proper legal standard in evaluating the evidence was utilized, and that sufficient evidence was presented to support the trial court's judgment. See Underwood v. Abrahamson (Sept. 29, 1995), 11th Dist. No. 95-T-5220, 1995 Ohio App, LEXIS 4346, at 10. The weight to be given to the evidence and the witnesses' credibility are primarily for the trier of fact. Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10, 15, citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. When a trial court acts as trier of fact in a case, the court has the authority to weigh the testimony and evidence and determine the witnesses' credibility. Gutzky v. Elerik (Mar. 29, 1996), 11th Dist. No. 95-T-5304, 1996 Ohio App. LEXIS 1231, at 5, citing Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 23. No error appears on the face of the record before us. Therefore, we must uphold the judgment of the trial court.
Pursuant to the foregoing, Leikin's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is hereby affirmed.
JUDITH A. CHRISTLEY, P.J., concurs, ROBERT A. NADER, J., concurs in judgment only.
[1] During the bench trial, it was stipulated that the appropriate defendant was John Spofford, a proprietor doing business as Spofford Auto and/or Transportation Alley.
[2] As an aside, the same standard of review is applied to assess the weight of evidence when determining whether the elements necessary to justify an award of punitive damages are satisfied. Hofner v. Davis
(1996), 111 Ohio App.3d 255, 259; see, also, Shaw v. Thomas (Nov. 2, 2000), 10th Dist. No. 99AP-1291, 2000 Ohio App. LEXIS 5056, at 6.