[Cite as *Maddali v. Haverkamp*, 2019-Ohio-1518.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MEENA MADDALI, | : | APPEAL NO. C-180360 |
| | | TRIAL NO. A-1701584 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ADAM MICHAEL HAVERKAMP, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 24, 2019

*Stagnaro, Saba & Patterson Co., L.P.A.*, *Sean P. Donovan* and *Christopher S. Jones*, for Plaintiff-Appellant,

*Heyman Law, LLC*, and *D. Andrew Heyman*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}   Plaintiff-appellant Meena Maddali appeals the judgment of the trial court entered in favor of her former boyfriend, defendant-appellee Adam Haverkamp.  Maddali argues that Haverkamp failed to split the profits from the sale of their home and failed to repay her for loaned expenses.  We determine that the trial court erred in granting summary judgment in favor of Haverkamp, therefore, we reverse.

### *Factual Background and Procedural Posture*

{¶2}   After dating for some time, Maddali and Haverkamp decided to move in together.  They lived with Haverkamp's parents for awhile, and then decided that they wanted to buy a home.  The two looked for homes together and eventually decided on a home on Vaquera Place in Anderson Township.  After deciding on a potential home, Maddali and Haverkamp agreed that the home would be purchased solely in Haverkamp's name.  The two also agreed to divide the household expenses, and that Maddali would be responsible for paying the monthly mortgage payment, which included insurance and real-estate taxes.  Haverkamp would be responsible for paying other monthly expenses related to maintaining the household.  Maddali and Haverkamp agreed that if the home sold in the future, they would split any profits.

{¶3}   Haverkamp secured the mortgage for the Vaquera property and bought the home.  Maddali and Haverkamp moved in together, and they abided by their division of the financial responsibilities.  In addition to paying the mortgage, Maddali also paid for some renovations to the home.  Three years after moving in, the couple broke up and Maddali moved out.  Haverkamp performed some

additional renovations to the property in preparation to sell it. The home sold, and Haverkamp received over $80,000 in proceeds after the sale. Haverkamp did not return any of the money to Maddali.

{¶4} Maddali filed a complaint in the Hamilton County Court of Common Pleas, and she alleged various claims, including breach of contract, promissory estoppel, and unjust enrichment related to the Vaquera property. In addition to property-related expenses, Maddali argued that Haverkamp owed her for expenses that she had paid on his behalf, including Haverkamp's vehicle payments, and child-care expenses for his son. Maddali also argued that she had taken out two school loans, which she then loaned to Haverkamp to pay down his credit-card debt.

{¶5} Haverkamp filed counterclaims against Maddali for promissory estoppel and unjust enrichment, stemming from expenses Haverkamp paid with money he withdrew from his 401K account. Haverkamp also filed a counterclaim alleging that Maddali's dogs had damaged the home's hardwood floors.

{¶6} Maddali moved for partial summary judgment on her claims as to liability only, and summary judgment on Haverkamp's counterclaims. Haverkamp also moved for summary judgment. The trial court granted summary judgment to Maddali on Haverkamp's counterclaims, and granted Haverkamp's motion for summary judgment on Maddali's claims. Maddali appeals. In a single assignment of error, Maddali argues that the trial court's summary-judgment decision was erroneous.

### Law and Analysis

{¶7} Summary judgment is proper only where no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and it

appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. Civ.R. 56(C). This court applies a de novo standard of review to a trial court's decision under Civ.R. 56(C). *First Fin. Bank, N.A. v. Cooper*, 2016-Ohio-3523, 67 N.E.3d 140, ¶ 9 (1st Dist.).

{¶8} In granting summary judgment to Haverkamp, the trial court determined that Maddali's complaint sounded in palimony, which is not recognized in Ohio, and the trial court relied principally on *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255. In *Williams*, the parties had been in a romantic relationship, and the boyfriend moved into the girlfriend's home. The girlfriend eventually transferred title to the boyfriend after he paid the $300,000 mortgage balance. The parties' relationship ended and they signed a document to sell the home and allocate proceeds. The agreement was never executed because the couple reconciled. The couple then executed another document purporting to make the girlfriend an equal partner in the home. The relationship ended again and the parties sued each other. The boyfriend argued that the second document was invalid for lack of consideration. The Ohio Supreme Court accepted jurisdiction after the appellate court held that the act of moving in together and resuming a romantic relationship constituted consideration for the contract.

{¶9} The sole issue before the Supreme Court was "whether the emotional aspect of resuming a relationship by moving in together can serve as consideration for a contract[.]" The court held that no detriment had occurred to the girlfriend in executing the contract purporting to make her an equal partner in the property, and

that her interest in the property arose only from her love and affection, which could not serve as consideration for a contract.

{¶10} *Williams* is distinguishable both factually and legally. In this case, Maddali's contract and quasi-contract claims arise from the money she spent in maintaining and renovating the household and monetary loans she made to Haverkamp for his personal obligations. Maddali is not seeking to enforce a contract upon the basis of love and affection. Therefore, *Williams* does not apply, and the trial court erred in granting summary judgment in favor of Haverkamp upon finding that Maddali's claims sounded in palimony.

{¶11} Maddali argues that the trial court erred in failing to grant partial summary judgment with respect to the sale of the Vaquera home, because the undisputed evidence shows that Maddali and Haverkamp agreed to split the profits from the sale.

{¶12} Although Haverkamp acknowledges that he and Maddali agreed to split the profits from the sale of the home, Haverkamp argues that such an agreement is barred by the statute of frauds, because the agreement was not in writing. The statute of frauds, R.C. 1335.05, provides:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be

performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶13} Assuming that the statute of frauds applies to an agreement to split profits from the sale of real property, even where an oral contract is unenforceable under the statute of frauds, the doctrine of part performance can remove an agreement from the statute. *See Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 25. In order for a party to establish part performance of an oral agreement, the party must show by clear and convincing evidence that her actions "were exclusively referable to the oral agreement" and that the party changed her position to her prejudice. *Id.*

{¶14} Promissory estoppel can also be used to recover damages for breach of an oral promise, in the absence of a signed agreement. *Olympic Holding Co. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, 909 N.E.2d 93, paragraph three of the syllabus. "The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice." (Internal quotations omitted.) *Id.* at ¶ 30. In order to show promissory estoppel, a party "must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." (Internal quotations omitted.) *Id.* at ¶ 40.

{¶15} Finally, even if the statute of frauds applies, a plaintiff may nevertheless recover under unjust enrichment, if proven. *See Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). Unjust enrichment requires the plaintiff to show (1) a benefit conferred by the plaintiff on the defendant; (2) defendant's knowledge of the benefit; and (3) defendant retaining the benefit under unjust circumstances. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

{¶16} Despite the undisputed fact that the parties agreed to split the profits from the sale of the Vaquera home, we determine that genuine issues of material fact exist, which preclude summary judgment in Maddali's favor, because it is unclear from the record what the amount of "profits" means. Therefore, the trial court did not err in failing to grant Maddali's motion for partial summary judgment with respect to the Vaquera property.

{¶17} In addition to the property-related expenses, Maddali also argues that she loaned Haverkamp money to pay his personal obligations, such as vehicle payments, child-care expenses, and credit-card debt, and she loaned Haverkamp her furniture and other personal belongings for the purpose of staging the home. Haverkamp asserts that these expenses were gratuitous, not loaned. Based on the disputed deposition testimony, an issue of fact exists as to whether Maddali loaned Haverkamp the money for these expenses, expecting to be paid back in full, or whether her payments were a gift to Haverkamp made during the course of a romantic relationship.

{¶18} In conclusion, we sustain Maddali's assignment of error to the extent that the trial court erred in granting summary judgment to Haverkamp on Maddali's

7

complaint.  We overrule Maddali's assignment of error to the extent that she argues the trial court erred in denying her motion for partial summary judgment.  The judgment is reversed and the cause remanded.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.